7017 3380 0000 7343 5238
7017 3380 0000 7343 5269

# UNITED STATES DISTRICT COURT

## for the

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**SEP 1 3 2018**

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

|  |  |
|---|---|
| Roy M Belfast _____ *Petitioner* | ) ) ) ) |
| v. | ) ) Case No. 7|8cv00453 ) *(Supplied by Clerk of Court)* |
| Warden Breckon _____ *Respondent* *(name of warden or authorized person having custody of petitioner)* | ) ) ) ) |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: **Roy M Belfast Jr.**
    (b) Other names you have used: **Charles taylor Jr., Chucky Taylor**

2.  Place of confinement:
    (a) Name of institution: **United States Penitentary Lee**
    (b) Address: **P.O. Box 305      Jonesville Virginia 24263**

    (c) Your identification number: **USMS 76556-004**

3.  Are you currently being held on orders by:
    ☒ Federal authorities      ☐ State authorities      ☐ Other - explain:
    _____

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: **Southern District Of Florida**
    **Eleventh Circuit Court of Appeals**
    (b) Docket number of criminal case: **06-cr-20758-cma**
    (c) Date of sentencing: **January 9th 2009**
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*: _____
    _____
    _____

## Decision or Action You Are Challenging

5.     What are you challenging in this petition:

    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

    ❏ Pretrial detention

    ❏ Immigration detention

    ❏ Detainer

    ❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

    ❏ Disciplinary proceedings

    ☒ Other (explain): conditions of confinement; non-statutory confinement in violation of 18 u.s.c.§4001(a) Lono v Fenton, 581 f.2d 645 ; "Failure to Act" Under the Administrative Procedures Act concerning a non-discretionary function by the F.B.O.P. as required statutorily by Congress.

6.     Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court: Department of Justice, RFK:Building 950 Pennsylvania Ave Washington D.C. 20530; Federal Bureau of Prison 320 First Street N.W. Washington D.C.

    (b) Docket number, case number, or opinion number: See Attachment # 2

    (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

    Invalid Judgment and Commitment, Invalid PSR, violations of 18 u.s.c§4001(a), E.O. 13107, 5th, 14th, 13th sec.1, 8th, 1st, Amendments of the U.S. Constitution -

    (d) Date of the decision or action: See Attachment # 2

## Your Earlier Challenges of the Decision or Action

7.     **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ☒ Yes          ❏ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court: Federal Bureau Of Prisons/Warden/at U.S.P Lee

        (2) Date of filing: BP-9 938012-F1(4/24/18), BP-9 939033-F1 (5/2/18)

        (3) Docket number, case number, or opinion number: BP-9 938012-F1; BP-9 939033-F1

        (4) Result: denial of BP-9 938012-F1, denial of BP-9 939033-F1

        (5) Date of result: BP-9 938012-F1 (5/10/18); BP-9 939033-F1 (4/2/18)

        (6) Issues raised: BP-9 938012-F1 [invalid J&C] violations of 18 u.s.c.§4001(a),E.O. 13107, 5th 14th, 13th sec.1, 8th, 1st, Amendments; BP-9 939033-F1 [invalid PSR] violations of 18 u.s.c.§4001(a) E.O. 13107, 5th, 14th, 13th sec.1, 8th, 1st Amendments, 18 u.s.c.§3621 et seq.,P.S. 1210.24 et seq

6)(A) Department of Justice, located at RFK: Building 950 Pennsylvania Ave. N.W. Washington D.C. 20530; Federal Bureau of Prisons 320 Frist Street N.W. Washington D.C.

6)(B) Federal of Prisons Remedies Bp-9 938012-F1; Bp-10 938012-R1 Bp-11 938012-A1(See Ex"A" Bp-938012 series and Ex."B" 939033 series) Mail Referral Unit ID Number 3864474, based upon letters sent to the following agencies:
           A.) Director of the EOUSA
           B.) A.A.G Civil Rights Division
           C.) Office of Professional Responsibility
           D.) Office of Inspector General
           E.) EOUSA General Counsel
           F.) Attorney General letters sent via certified #'s: 7016 1970 0000 9085 6447; 7016 1970 0000 9086 2639
(See Ex."C" Mail Referral Unit ID Number 3864474 and Letters to agencies)

6)(C) Violations of 18 u.s.c.§4001(a); Executive Order 13107, 5th, 14th, 8th, 1st, 13th sec.1

6.)(D) Bp-9 938012-F1 final decision on 5/10/18
      Bp-10 938012-R1 final decision on 5/25/18
      Bp-11 938012-A1 final decision on **7/20/18 informational response**
      Mail Referral Unit ID Number 3864474 sixty day time frame commenced on **July 24th 2017**

Note: While it is not statutorily required to exhaust administrative remedies, but rather prudential. Petitioner raises a due Process claim in administrative remedies.     Justice Breyer in a sperate opinion observed in Woodford v. Ngo, 548 US 81, 103-04, 126 S.CT. 2378(2006 "the administrative law" contains well established exceptions to exhaustion(citing exceptions for constitutional claims, futility, and hardship). Petitioner invokes constitutional claim and hardship standard for the following administrative remedy claims:

    Bp-9 939033-F1 final decision on 4/2/18
    Bp-10 939033-R1 final decision on 4/15/18
    Bp-11 939033-A1 final decision 5/1/18

(b) If you answered "No," explain why you did not appeal: _____

_____

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:     **F.B.O.P. Regional Director**

(2) Date of filing:    BP-10 938012-R1 (5/29/18); BP-10 939033-R1 (5/15/18)

(3) Docket number, case number, or opinion number:     BP-10 938012-R1; BP 939033-R1

(4) Result:    denial of BP-10 938012-R1; denial BP-10 939033-R1

(5) Date of result:    BP-10 938012-R1 (5/25/18); BP-10 939033-R1 (4/15/18)

(6) Issues raised:    BP-10 938012-R1 [invalid JRC]; Bp-10 939033-R1 [invalid PSR]

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:     **F.B.O.P . Central Office/General Counsel**

(2) Date of filing:    BP-11 938012-A1 (sent on 7/6/18); BP-11 939033-A1 (5/1/18)

(3) Docket number, case number, or opinion number:     BP-11 938012-A1; BP-11 939033-A1

(4) Result:    BP-11 938012-A1( 7/20/18  informational response);Bp-11 939033-A1 (5/14/18 denial)

(5) Date of result:    Bp-11 938012-A1 (non response); BP-11 939033-A1(5/14/18)

(6) Issues raised:    Same as Above in 8(a)(6) and 7(a)(6)

_____

_____

_____
_____
_____
_____

(b)  If you answered "No," explain why you did not file a third appeal:  _____

_____

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☒ No     "illegal detention"

If "Yes," answer the following:

(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1)  Name of court:  _____

(2)  Case number:  _____

(3)  Date of filing:  _____

(4)  Result:  _____

(5)  Date of result:  _____

(6)  Issues raised:  _____

_____
_____
_____
_____
_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1)  Name of court:  _____

(2)  Case number:  _____

(3)  Date of filing:  _____

(4)  Result:  _____

(5)  Date of result:  _____

(6)  Issues raised:  _____

_____
_____

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
        conviction or sentence:     **SEE(MEMORANDUM)**

11.   **Appeals of immigration proceedings**
      Does this case concern immigration proceedings?
      ☐ Yes                    ☐ No
      If "Yes," provide:
      (a)     Date you were taken into immigration custody: _____
      (b)     Date of the removal or reinstatement order: _____
      (c)     Did you file an appeal with the Board of Immigration Appeals?
              ☐ Yes                    ☐ No
              If "Yes," provide:
              (1) Date of filing: _____
              (2) Case number: _____
              (3) Result: _____
              (4) Date of result: _____
              (5) Issues raised: _____

      (d)     Did you appeal the decision to the United States Court of Appeals?
              ☐ Yes                    ☐ No
              If "Yes," provide:
              (1) Name of court: _____
              (2) Date of filing: _____
              (3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

12.     **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues

raised in this petition?

❏ Yes                    ❏ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.     State every ground (reason) that supports your claim that you are being held in violation of the Constitution,

laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the

facts supporting each ground.

**GROUND ONE:** Petitioner Raises A 18 u.s.c. §4001(a) Claim In Relation To Count 1 "Arbitrary _____

Detention" . All In Violation Of The 5th, 14th, 8th, 13th sec.1, 28 u.s.c.§ 2072, Executive Order 13107

(implemented on December 10, 1998, 63 Federal Register 240 pp 68991-68993)

_____     _____

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

SEE(Memorandum )

_____

_____

_____

_____

_____

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes        xx☒ No

**GROUND TWO:** FOIA-2016-02166 Findings (See Ex. **D** ') Office of Information Policy Appeal Response DOJ-AP-2017-005286 , **( Ex." E "** ') Demonstrate A Grave Due Process Error In A Critical Non-Discretionary Function Carried Out By The FBOP In Relation To Determination Of Release (18 u.s.c.§3624(a), Good Time For Prior Custody Before Sentencing (18 u.s.c.§3585) , Credit Toward **Satisfactory** Behavior

(a) Supporting facts *(Be brief. Do not cite cases or law.):*    18 u.s.c.§ 3624(b)  in violation of the Constitution

SEE (MEMORANDUM )

_____

_____

_____

_____

_____

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes        x☒ No

**GROUND THREE:** Department Of Justice Findings (Ex."D"&"E")   Used   Erroneous Standards To Satisfy 18 u.s.c.§3621(b)(1)(2)(3), 18 u.s.c.§4042 et seq.,(Custody Scoring, Public Safety, Institutional Placement) Federal Bureau Program Statement 5880.23. Substantially Affecting Petitioners Rights Going Forward,In Violation of 5th,14th, Amendments.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

SEE (MEMORANDUM)

_____

_____

_____

_____

_____

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes        xx☒ No

Case 7:18-cv-00453-JLK-RSB   Document 1   Filed 09/14/18   Page 8 of 34   Pageid#: 8

**GROUND FOUR:** Bureau Of Prisons "Fails To Act" Regarding A Non-Discretionary Function Under 18 u.s.c. § 4001(a), Constituting a "legal wrong" Under 5 u.s.c.§ 702 Violating The Administrative Procedures Act and Due Process Of The United States Constitution (5th,14th)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

SEE (MEMORANDUM)

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☒ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:   Claims two, three, four, were not available and or did not ripen during previous petitions. Claim one undermines finality of conviction, in other words petitioners conviction is not "final" thus demonstrating "arbitrary detention in violation of 18 usc § 4001(a)

## Request for Relief

15.   State exactly what you want the court to do:   1.) mandamus compelling the department of justice to correct violation of 18 u.s.c.§4001(a); or (2) dismissal of indictment and or judgment and commitment

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

USP LEE County P.O. Box 305, Jonesville, Va 24263

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 9/6/18

Roy Belfast
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

## MEMORANDUM

Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

The usage of 2255(f) or (h) as a vehicle would be inappropriate as petitioner raises a 18 U.S.C. § 4001(a) claim based upon recent Department of Justice findings (See Ground One/Claim One). 18 U.S.C. § 4001(a) is a constitutional claim that undermines finality of conviction, proof beyond a reasonable doubt standard reached in petitioners case, perserving petitioners presumption of innocence. Denial of 2241 as a vehicle, via the saving clause, would conflict and raise doubt as to the writ being a vehicle to remedy constitutional claims that meet arbitrary detention standards. "Heabeas Corpus is above all, an adaptable remedy", and it's precise application and scope change [] depending upon the circumstances. INS v. St CYR, 553 US 289, 302

2255(e)'s text specifically provides room for testing legality of detention. In addition another factor for the courts to consider is the lack of access to "test" argument under 2241 would in effect be a suspension of the writ for petitioner which the Constitution forbids except in cases of rebellion or invasion which does not apply to petitioners instance. The AEDPA statute should be discouraged from being interpreted in a way that denies access to the great writ regarding constitutional claims that meet "arbitrary detention", structural error standards (such as Insufficiency of Evidence) when other sections of 2255 do not provide allowance to test 18 U.S.C. § 4001(a) argument and conditions of confinement. "Hence a § 2241 attack on detention lodged through 2255(e) should entail a challenge to (1) the right and authority of executive to keep the individual custody; or (2) the manner on which the executive excutes the detention. That reading serves the historic purpose of the writ as well. Boumediene, 553 US at 745 (the suspension clause protects the rights of the detained by affirming the duty and authority of the judiciary to call the jailer to account)." U.S. v. Surratt 797 F.3d 240 (4th Cir. 2015)

Petitioner has already filed a initial 2255 (see civil case # 12-20754-CIV-ALT Ex. "1"). Statutorily under § 4001(a) Congress forbids "arbitrary detention". "The court concluded that Congress had forbidden non-statutory confinement in federal prisons." See Cono v. Fenton, Court of Appeals For The Seventh Circuit, 581 f.2d 645; 1978 U.S. App Lexis 9972.

Denial of the 2241 vehicle to test the § 4001(a) argument by the courts to remedy the violation of Congressional intent by the executive branch of government, would raise a seperation of powers issue. Petitioner raises no claim involving a new statutory interpretation. 2255(h) restricts second and successive to those raising only newly discovered evidence, or new constitutional rulings. Petitioner raises no claim based upon 2255(h)(1) or (2) criteria. Moreover 2255(h) is structured for the attack of final convictions. Petitioner demonstrates in ground one / claim one the presumption of finality has been undermined.

Petitioners § 4001(a) violation is directly related to a Due Process challenge, insufficiency of evidence / Jackson v. Virginia, 61 LED 2D 560 standard by court. Petitioner raises a constitutional due process claim a violation of Congressional intent claim, that meets equity principles described in Supreme Court controlling law. "a constitutional claim that implicates "fundamental fairness"... compels review regardless of possible defaults." post, at 51 n.8' 91 LED2d, at 419, it follows that a showing of prejudice would invariably make a showing of cause unnecessary." (Murray v. Carrier 91 LED 2d 397). "As the court observed in Holland, the Antiterrorism and Effective Death Penalty Act of 1906 (AEDPA), 110 stat. 1214, seeks to do so without undermining basic habeas corpus principles and while seeking to harmonize the new statute with prior law. When Congress codified new rules governing this previously judicially managed area of law, it did so without losing sight of the fact that the writ of habeas corpus plays a vital role in protecting constitutional rights." (See McQuiggin v. Perkins 185 LED 2D 1019, 569 US (2013).

"The scope of the writ later expanded beyond it's original narrow purview to encompass review of constitutional error that had occured in the proceedings leading to convictions." (Schlup v. Delo 130 LED 2D 808, 513 US 298) "The court has adhered to the principles that habeas corpus at it's core is an equitable remedy." (130 LED 2D 808, 513 US 320) " This court has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata." (130 LED 2D 808) "What we have to deal with on habeas review is not the petitioners innocence or guilt but solely the question whether their constitutional rights have been preserved." Moore v. Dempsey, 261 US 86, 87-88 67 LED 543, 43 S.ct. 265 (1923). "The writ of habeas corpus is the fundamental instrument for safeguarding freedom against arbitrary detention and lawless state action." Harris v. Nelson, 394 US 286, 290-291 "The principle of comity and finality that inform the concepts of 'cause' and prejudice "must yield to the imperative of correcting a fundamental unjust incarceration." Engel 456 US at 135, 71 LED 2D 783, 102 S.ct. 1558 (See Murray v. Carrier 91 LED 2D 397, 477 U.S.).

"Most significantly, the scope of the writ has been adjusted to meet changed conceptions of the kind of criminal proceedings so fundamentally defective as to make imprisonment under them unacceptable." See e.g. Moore v. Dempsey, 216 US 86, 67 L.ED 543, 43 s.ct. 265 (1923); Jhonson v. Zerbst, 304 US 458, 82 L.Ed 1461, 58 s.ct. 1019 (1938); Waley v. Johnston, 316 US 101, 86 L.ED 469, 73 s.ct. 397 (1958); Fay v. Noia 372 US 391, LED 2D 837, 83 s.ct. 822 (1963) (See 91 LED 2D 397, 477 US, Murray v. Carrier) "The sufficiency of the evidence review authorized by Jackson is limited to record evidence, Jackson 443 US at 318 (See Herrera v. Collin, 122 LED 2D 203 506 US 390) "Under Jackson, the question whether the trier of fact has the power to make a finding of guilt requires a binary response: either the trier of fact has power as a matter of law or it does not." (See Schlup v. Delo 130 LED 2D 808, 513 US 298) "Jackson which emphasizes the authority of the fact finder to make conclusions from evidence establishes

a standard of review for the sufficiency of record evidence."
(See Schlup v. Delo 130 LED 2D 808, 513 US 298)

B. Petitioner raises one claim under the Administrative Procedures Act that could not have been raised in prior petition, based upon FOIA-2016-02166 and DOJ-AP-2017-005286 Department of Justice Policy Declarations/Findings released in 2017 respectively. Policy declarations/findings cannot be considered "newly discovered" as they are merely concessions to § 4001(a), "arbitrary detention" by the Department of Justice, which is directly related to a violation of Supreme Court controlling law, Jackson v. Virginia 61 LED 2D 560 (443 US 320).

The new policy declarations/findings did not ripen the claim for the "failure to act" until petitioner exhausted all forms of notice (letters to the Department of Justice and Administrative remedies See Ex "C" and "D") under the Administrative Procedures Act." 5 U.S.C. § 702 is subject to "judicial review" concerning aspects of sentence and confinement which is only cognizable under writ of habeas corpus. (See Tablada v. Thomas, 553 F.3d 800 (9th Cir 2008; Arrington v. Daniels, 516 F.3d 1106, 1116 (9th Cir. 2008).

The judicial review sought by petitioner relates to a non-discretionary act under statute 18 U.S.C. § 4001(a) which states: "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an act of Congress." § 4001(b) "The control and management of federal penal and correctional institutions shall be vested in the Attorney General, who shall promulgate rules for the government therefore, and appoint all necessary officers and employees." In other words petitioner asserts a claim regarding the Administrative Procedures Act after exhausting multiple remedies to the Attorney General, Bureau of Prisons, Warden at U.S.P. Lee failing to adhere to Congresses bar on arbitrary detention under § 4001(a), as well as a violation under the 5th, 14th, 8th, 13th sec. 1 Amendments, E.O. 13107

D. Petitioner raises claims regarding conditions of confinement which have traditionally been permitted under writ of habeas corpus, that could not have been raised in previous petitions.

GROUND ONE : Petitioner Raises A 18 U.S.C. § 4001(a) Claim In Relation To Count 1 "Arbitrary Detention". All In Violation Of The 5th, 14th, 8th, 13th sec 1., 28 U.S.C. § 2072, Executive Order 13107 (implemented on December 10, 1998, 63 Federal Register 240 pp 68991-68993)

SUPPORTING FACTS :

18 U.S.C. § 2340 A(c) must be proven in part under the "conspiracy" standard, it is a critical requirement under the statute. Congress declares the following in 18 U.S.C. § 2340 A(c): " A person who conspires to commit an offense under this section shall be subject to the same penalties (other than the penalty) as the penalties prescribed for the offense, the commission of which was the object of the conspiracy. (See Ex. "2")

The trial record lacks any evidence to support a conviction based on "proof beyond a reasonable doubt" in relation to count 1 (Conspiracy To Commit Torture). The trial record is devoid of the following but not limited to :

1.] No evidence entered on the record to support the "two or more persons" requirement. "The government must prove beyond a reasonable doubt that two or more people agreed to commit a crime covered by the specific conspiracy statute (that a conspiracy existed) and willfully participated in the agreement (that he was a member of the conspiracy) Smith v. United States, 184 LED 2D 570

2.] There was no evidence entered on the trial record to support the "**agreement**" requirement to support the conspiracy as alleged.

3.] There was no evidence entered on the trial record to support the "**knowledge**" requirement to support the "two or more" requirement in the conspiracy as alleged. "Elsewhere conspiracy imports a corrupt agreement between not less than two with guilty knowledge on the part of each..." Pettibone v. United States 148 U.S. 197, 203, 205, 37 L.Ed 419 (See 291 US91, Morrison v. California 78 L.ED 664)

4.] There was no evidence on the trial record regarding the "**overt act**" requirement to support the "two or more" conspiracy as alleged.

5.] No evidence was entered on the trial record under Federal Criminal Rules of Procedure based upon 801 (d)(2)(e) (co-conspirator testimony). Prosecutor conceeds to this fact stating: "During presentation of it's case-in-chief, however the United States elicited evidence that co-conspirators "D", David Compari, was Gambian, and that co-conspirator "C", Charles Taylor, was born in Africa. DE 586:34 ; DE 587:132 ; DE. 590:174 ; 595:176. Nothing in the record from defendants' trial suggests that any conspirator, referenced in the indict-ment or not was a United States Citizen or present in the United States." (See Ex. "D" FOIA-2016-02166 designation number A009180_4-000000 at the lower right hand corner.) "The trial record is devoid of any statement that any conspirators were citizens of or present in the United States." (See Ex. "D" FOIA-2016-02166 designation number A009180_20-000000 at the lower right hand corner)

6.] No evidence entered on the trial record alleged that victims were U.S. residents and or citizens of the United States during indictments allegations.

7.] No evidence on the record, alleged acts took place on ship or aircraft owned or registered in the United States.

Department Of Justice Policy Findings (See Ex. "D" and "E") Further Demonstrate A Violation Of 18 U.S.C. § 4001(a) And Jackson v. Virginia 61 LED 2d 560 Supreme Court Precedent.

On May 17th 2017 the EOUSA FOIA/Privacy Act staff issues a letter and release of one hundred sixty eight pages based upon a request made by petitioner in April of 2016. The letter states in part:

"All of the records you seek are being made available to you. We have processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a full release of 168 pages responsive to your request. No other responsive records were located." (See Ex. "D" May 17th 2017 FOIA-2016-02166 letter and 168 page release)

In letter dated June 8th 2017 sent via certified mail no. 7016 1370 0001 7627 6226 petitioner appeals stating:

"The records released are non-responsive to request by petitioner (originally), as the records released by the EOUSA are post grand jury and trial, records presented can not have been evidence in prior proceedings. The FOIA request FOIA-2016-02166 is directly connected to a substantive due process violation and misconduct by prosecution including but not limited to 18 U.S.C. § 1001 Petitioner seeks release of FOIA and expedited request based upon original request found in FOIA-2016-02166, and notification to an investigatory body that handles mis-conduct by prosecutors, as well as notification to the A.G.'s office, on violation of 18 U.S.C. § 4001(a)." (See Ex. "D" Appeal dated June 8th 2017)

On 10/12/17 the office of information policy issues declarations/ findings stating in part: "After carefully considering your appeal, I am affirming EOUSA's action on your request. By letter dated May 19th 2017, EOUSA released to you one hundred and sixty eight pages of responsive records in full. I have determined that EOUSA's response was correct and that it conducted an adequate, reasonable search for responsive records subject to FOIA." (Ex. "E")

"Regarding your request for "notification to an investigatory body that handles misconduct by prosecutors, as well as notification to the A.G's Office on the violation of 18 U.S.C § 4001 (a), please note that the principle administrative function of the office of information policy is the adjudication of appeals from the denial of access to information pursuant to FOIA and the privacy act of 1974 by components of the Department of Justice. This office does not have authority to review or assist in your criminal case. I regret that I cannot be of any further assistance to you in this matter." (Ex. "E")

"Please be advised that this office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of EOUSA in response to your request." (See Ex. "E" O.I.P. letter).

The two policy decisions by the Department of Justice (FOIA/ Privacy Act and Office of Information Policy) cannot be understated, they demonstrate the following:

A.) It validates the violation of 18 U.S.C § 4001 (a) and Supreme Court precedent Jackson v. Virginia 61 LED 2D 560 in relation to count 1. "The standard of proof beyond a reasonable doubt, said the court, "plays a vital role in the American scheme of criminal procedure," because it operates to "concrete substance" to the presumption of innocence, to ensure against

unjust convictions, and to reduce the risk of factual error in a criminal proceedings. 397 US 363, 25 L Ed 2d 368, 90 S.ct. 1068, 51 Ohio Ops 2d 323." (443 US 315)

" The winship doctrine requires more than simply a trial ritual. A doctrine establishing so fundamental a subjective constitutional standard must also require that the factfinder will rationally apply that standard to the facts in evidence. A "reasonable doubt", at a minimum, is one based upon "reason". Yet a properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt, and the same may be said of a trial judge sitting as a jury. In federal trial, such an occurance has traditionally been deemed to require reversal of the conviction. Glasser v. United States, 315 US 60, 80, 86 L Ed 680, 62 S.ct. 457; Bronston v. United States, 409 US 352, 34 L Ed 2d 568, 93 S.ct. 595 (443 US 317).

B.) The united states attorneys office of the southern district of florida which brought forward the indictment and DOJ Washington, D.C. that approved prosecution did so upon illegal grounds. The Department of Justice cannot source any records from it's files and or trial record that petitioner violated 18 U.S.C. § 2340 A (c).

C.) Two exhaustive reviews / investigations were conducted within the department of justice before reaching policy decisions and petitioner bringing forth this issue before the court.

D.) Department of Justice declarations/findings over-rides all prior positions by the United States Attorneys Office under criminal case 06-cr-20758-CMA. Any position adopted by any department of justice attorney responding to the petition contrary to new policy findings in FOIA-2016-02166 and DOJ-AP-2017-003286 would be fraud on the court.

E.) Petitioner was placed in a "one man" conspiracy in violation of Due Process. "It is impossible in the nature of things for a man to conspire with himself." (See Morrison v. California 78 L.Ed 664, 291 US 92). "It takes two to conspire is the concept embodied in Whartons Rule, which provides that if the offense necessarily involves two participants, the crime be prosecuted as a conspiracy." Iannelli v. United States, 420 US 770 (1975)

A Violation of 18 U.S.C. § 4001 (a) And Supreme Court Precedents (Under) Jackson v. Virginia 61 LED 2d 560, Morrison v. California 78 L.Ed 664, 291 US 92 Invalidates Count 1, Impacting Counts Two And Eight.

Counts 2 and 8 requires the existence of a conspiracy for the assertion of both counts in a indictment. Based upon above stated facts and DOJ policy findings, may the court take "judicial notice", that the presumption of finality has been undermined in relation to count one impacting counts 2 and 8.

18 U.S.C. § 924 (O) and 18 U.S.C. § 924 (c) (1) are penalties of the statute which can only be attached to a conspiracy and overt act within conspiracy. With the removal of count 1, sentences under two and eight would be arbitrary in nature. In addition the jury instructions for both counts 1 and 2 fails to instruct jury whether or not a "overt act" act was made by petitioner in furtherance of conspiracy, or petitioner did make a overt act in furtherance of the conspiracy. Without overt act determination, count One is invalid eliminating counts two and eight.

Judge Martin observed the same error in Eleventh Circuit Court of Appeals case: 16-13950 stating: "Mr Belfast has a stronger argument with respect to his conspiracy conviction." It's a seperate federal crime for anyone to conspire or agree with someone else to do something that would be a federal crime. No was actually carried circuit pattern

jury instruction 13.1 (2010. ed). In this case, the jury was instructed that it only must find that two or more persons came to a mutual understanding to accomplish a common unlawful plan, that the defendant knowingly and voluntarily joined in that plan, and that the object of the plan was to commit torture, however, the jury was not instructed that the defendant need take any "overt act" in furtherance of the conspiracy." (See Ex. "F")

Judge Martin further states: "As best I can tell, Mr. Belfasts superseding indictment listed both his substantive torture count and his conspiracy to commit torture count as possible predicate convictions for supporting his convictions under § 924 (c) (and the accompanying sentencing provision under § 924 (o)), which criminalizes carrying a firearm during a "crime of violence." In United States v. Schlei 122 F.3d 944 (11th Cir. 1997), we held that "[a] count in an indictment is duplicitous if it charged two or more seperate and distinct offenses." id at 977.   (Ex. "F")

"Basic to criminal law principles is the concept that the commission of a substantive offense and a conspiracy to commit it are seperate and distinct offenses." United States v. Mothersill, 87 F.3d 1214, 1218 (11th Cir. 1996). If conspiracy to commit torture and the substantive offense of torture are seperate offenses, then a § 924 (c) charge that relies on conspiracy must likewise be distinct from a § 924 (c) charge that relies on torture, by listing these two offenses in the same count, Mr. Belfasts indictment commits the error Schlei was concerned about." (Ex. "F")

"A duplicitous count poses three dangers: (1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining evidence." Schlei, 122 F.3d at 977. Mr. Belfast may indeed have used a gun at some point in time during

the conspiracy, but never during the substantive offense. However "because the jurors have two crimes to consider in a single count, they may convict [on the § 924 (c) without reaching a unanimous agreement on which crime Mr. Belfast "used" a firearm during]" § 142 Misjoinder, Duplicity and Multiplicity, 1 A Fed Prac. 3 Proc. Crim§ 142 (4th ed.) "A general verdict of guilty will not reveal whether the jury unanimously found the defendant guilty of either offense, both offenses, or guilty of one crime and not guilty of the other. This uncertainty would prejudice defendant in sentencing [and] appellate review." (Ex. "F")

Removal Of Count 1 Based Upon Violation of 18 U.S.C. § 4001 (a), Supreme Court Precedents Under Jackson v. Virginia 61 LED 2D 560, Morrison v. California 78 L.Ed 664, 291 US 92 Creates Constitutional Due Process Issues For Counts Three Through Seven As Convictions Within Present Judgment And Commitment.

The jury instructions state to the factfinder: "So, in this case, with regard to counts three through seven, insofar as the defendant is concerned, if you have first found the defendant guilty of the conspiracy offense as charged in count one of the second super-seding indictment, you may also find the defendant guilty of any of the offenses charged in counts three through seven even though the defendant did not personally participate in such offense if you find, beyond a reasonable doubt:

<u>First</u>  "That the offense charged in such count was committed by a conspirator during the existence of the conspiracy and in furtherance of its object";

<u>Second</u>  "That the defendant was a knowing and voluntary member of the conspiracy at the time of the commission of such offense; and

Third "That the commission of any of the offenses charged in counts three through seven by a co-conspirator was reasonably forseeable consequence of the conspiracy." (See Ex. "G")

May the court take judicial "notice" of the following:

1.) The trial court inherently ties count 18 U.S.C. § 2340 A(c) to counts three through seven, 18 U.S.C. § 2340 A. With guilt beyond a reasonable doubt undermined, as well as finality of conviction to count one, based upon violations of 18 U.S.C. § 4001 (a), Jackson v Virginia 61 LED 2d. 560, Morrison v. California 78 L.Ed 664, 291 US 92, counts three through seven cannot stand as remaining convictions based upon the courts instructions to the jury.

2.) For counts three through seven to remain as convictions would make further detention arbitrary in nature.

3.) The jury instructions create two ways guilt can be determined in relation to counts three through seven. The invalidation of count one will place jurists with a constitutional problem on determining which standard the jury used to determine guilt in relation to counts three through seven.

"One of them independently considered, it is impossible to say under which clause of the statute the conviction was obtained." Bachellar v. Maryland 25 LED 2D 570, 397 US 570

"At the other end of the spectrum of constitutional errors lie" structural defects in the construction of the trial mechanism, which defy analysis by "harmless error" standards." Arizona v. Fulminante 309, 113 L.Ed.2d, 111 S.ct. 1246." As a result petitioners rights under the 5th, 14th, 8th, 13th sec 1 have been violated.

GROUND TWO: FOIA-2016-02166 Findings (See Ex. "D") Office of Information Policy Appeal Response DOJ-AP-2017-005286 (See Ex. "E") Demonstrate A Grave Due Process Error In A Critical Non-Discretionary Function Carried Out By The BOP In Relation To Determination Of Release, (18 U.S.C. § 3624 (a)), Good Time For Prior Custody Before Sentencing (18 U.S.C. § 3585), And Credit Toward Good Behavior 18 U.S.C. § 3624 (b) in violation of the constitution.

SUPPORTING FACTS:
Failure by the Department of Justice in it's new policy findings (See Ex. "D" and "E") to possess records and source evidence from the DOJ records and trial record to prove a violation of 18 U.S.C. § 2340 A(c) count One demonstrates, the arbitrary nature the Federal Bureau of Prisons has implemented 18 U.S.C. § 3624 (a),(b) and 18 U.S.C. § 3585 in petitioners case. If the Department of Justice fails to produce any records to support a violation of count 1, no accurate determination on date of release and good time credit can be accurately calculated, creating substantive and procedural Due Process issues.

The district courts imposition of sentence abridged and modified petitioners constitutional rights in violation of 18 U.S.C. § 2072. Federal Bureau of Prisons violates Congressional Intent when it arbitrarily applies statutes 18 U.S.C. § 3624 and 18 U.S.C. § 3585 against those who have not been duly convicted of offenses against the united states. A (erroneous) judgment and commitment that cannot be supported by DOJ and or trial records, cannot be used to request for tax payer dollars and or be used as certification for budgetary requests for a incarceration. To date all prior budgetary requests have been done in violation of the law. At present Warden Breckon after having been given "notice" of 18 U.S.C. § 4001 (a) violation, knowingly, willingly, and intentionally is defrauding American taxpayers.

GROUND THREE : Department of Justice Findings (See Ex. "D" and "E") Show F.B.O.P. Used Erroneous Standards To Satisfy 18 U.S.C. § 3621(b)(1)(2)(3), 18 U.S.C. § 4042 et seq., F.B.O.P. Program Statement 5880.23. Substantially Affecting Petitioners Rights Going Forward In Violation of 5th, 14th, Amendments.


SUPPORTING FACTS :

The PSR was imposed in violation of 28 U.S.C. § 2072.
Any aspect of petitioners PSR used to satisfy non-discretionary function in Congressional statutes 18 U.S.C. §§ 3621 et seq., 4042 et seq. has been in violation of Congressional Intent.

The nature of the offense committed, as well as "the history and characteristics of the prisoner" cannot be accurately determined based upon the absence of proof that petitioner violated 18 U.S.C. § 2340 A(c) in Department of Justice and trial record (See Ex. "D" and "E" DOJ policy declarations) as required by 18 U.S.C. § 3621 (2),(3). (See Ex. "H")

18 U.S.C. § 4042(a)(2)(3) imposes similar constraints, in order for Congressional Intent to be satisfied, a person must be convicted of offenses against the United States. DOJ policy findings demonstrate petitioner is presently detained based upon non-statutory offenses in violation of 18 U.S.C. § 4001 (a), undermining final conviction, the presumption of innocence remains with petitioner.

If the judgment and commitment is invalid, the "PSR" is invalid as well." We conclude that a PSR is "of like kind or character." See Bush Terminal, 93 F.2d at 660. Like a judgment, the PSR determines the rights and obligations going forward." (See U.S. v. Mackay, 757 F.3d 195; 2014 U.S. App Lexis 11649)

The application of F.B.O.P program statement 5100.08 in petitioners custody classification process violates procedural Due Process based upon erroneous information used from the PSR and Judgment & Commitment.

All enhancements used in PSR were based upon erroneously acquired methods, invalid in nature, unconstitutional in substance. The enhancements within the court PSR play a major role in P.S. 5100.08 determination. There is a continued and on going endangerment of petitioners life, due to the present "arbitrary detention" and placement in "High Maximum" Custody facility around duly convicted violent offenders. No placement in a lower security facility can reduce risk to petitioners life the detention is arbitrary in nature.

"Selecting a sentence based upon clearly erroneous facts constitutes a "significant" procedural error." Gall v. United States, 552 U.S. 38, 51, 128 S.ct 586.

"A sentence based upon misinformation of a constitutional magnitude, untrue assumption of fact may violate Due process" U.S. v. Tucker, 404 U.S. 443 437, 30 L.ED.2D 592, 92 S.ct. 589 (1972)

"It is well settled, however that a defendant has a due process right to be sentenced upon information which is not false or materially incorrect." Townsend v. Burke, 334 U.S. 736, 92 L.ED 1690, 68 S.ct. 1252 (1984)

GROUND FOUR: Bureau Of Prisons "Fails To Act" Regarding A Non-Discretionary Function Under 18 U.S.C. § 4001(a), Constituting A "Legal Wrong" Under 5 U.S.C. § 702 Violating The Administrative Procedures Act And Due Process Of The United States Constitution.

SUPPORTING FACTS: This court has jurisdiction to hear this claim under combined statutes, 5 U.S.C. § 702 and 28 U.S.C. § 2241 (c)(3).

5 U.S.C. § 702 states: "A person suffering a "legal wrong" because of agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

"The law imposes a general, but non-discretionary, duty upon a administrative agency to pass upon a matter presented to it" within a reasonable time," 5 U.S.C. § 555(b) and authorizes a reviewing court to compel agency action unlawfully withheld or unreasonably delayed, id § 706 (1)." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1099 357 U.S. App. D.C. 422 (D.C. Cir. 2003).

"The court is empowered to redress agency action "unlawfully withheld" only where the law makes "A specific, unequivocal command" and the requirement is for a "precise, definite act about which an official has no discretion whatsoever." Norton v. S. Utah Wilderness All, 542 U.S. at 63, 124 S.ct. 2373, L.Ed. 2d 137 (2004)" The touchstone is whether the action is one the agency is "required to take" 542 U.S. at 62 (Shalka v. Kelly, 246 F. Supp. 3d 147, D.C. Cir. 2017)

"Agency action" for purposes of the APA includes, an agency's failure to act." 5 U.S.C. § 551 (13); See also Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 62, 124 s. ct. 2373, 159 L.Ed 2d 137 (2004) (stating "that the reviewing court shall... compel agency action unlawfully withheld or reasonably delayed")

"And when the court is justified in acting, it's order must be limited to directing the agency to "perform a ministerial of non-discretionary act, or to take action upon a matter, without directing how it shall act." id (Beshir v. Holder, 853 F.Supp.2d 1, D.C. Cir. 2011

"A court must set aside agency action it finds to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law 5 U.S.C. § 706 (2)(A). At minimum, that standard requires the agency to examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and choice made." Tourus Records v. Drug Enforcement Administration 254 F.3d 731, 347 U.S. App. D.C. 262 (D.C. Cir. 2001)

Petitioner asserts a violation of the APA based upon a "failure to act" by Department of Justice Officials based upon a non-discretionary function found in 18 U.S.C. § 4001(a). Findings/ Proof of a violation of 18 U.S.C. § 4001(a) based upon Department of Justice response contained in FOIA-2016-02166 and DOJ-AP-2017-005286 prompted petitioner to seek correction of the non-discretionary command by congress codified in 18 U.S.C. § 4001(a) through a series of letters. (See Ex. "C")

Acknowledgment of letters sent took place on July 24th, 2017 (See Ex. "C" Mail Referral Unit Letter) and assigned mail referral unit assigned ID number 3864474. Petitioner was given a sixty day grace for review. Petitioner contacted the mail referral unit on 10-16-19, contacting a Mrs. Summers via 202-301-583-7353. Mrs. Summers informs petitioner letters/complaint were forwarded to criminal division, then to civil rights division for disposition, close to three months after the initial 60 day time frame expired making it a total of five months.

Petitioner calls again to inquire on disposition, on 12/11/17 to Mrs Summers again via the same telephone number, petitioner is informed that the civil rights division foregoes disposition, sending it to the federal bureau of prisons for action, FBOP then forwards to

the EOUSA for disposition, the agency that had been originally notified. (See Ex. "C" EOUSA letters and exhibits). The last phone call made to the Department of Justices Mail Referral Unit Seeking information on ID Number 3864474 made it more than a total of a 180 days since bringing the department of justice under notice of 18 U.S.C. § 4001 (a), 5th, 14th, 8th, 13th & 1 violations.

Petitioner begins and completes exhaustion of F.B.O.P. administrative remedies based upon 28 C.F.R. 542.10 et seq and Program Statement 1330.18. Petitioner recieves arbitrary and or responses that are not reflective of claim raised along with documents attached as exhibits to each remedies 938012-F1, R1, A1 and 939033-F1, R1, A1 (See Ex. "A" and "B")

After a 1yr. and a month since the july 24th 2017 Mail Referral Unit letter by the Justice Department acknowledging having recieved "notice" of the 18 U.S.C. § 4001(a) violation. Petitioner has recieved arbitrary, capricious, erroneous, responses since that time.

Alexander Hamilton in Federalist No. 84 states: "The practice of arbitrary imprisonments, have been in all ages the favorite and must formidable instruments of tyranny."

Before proceeding for "judicial review" before this court, petitioner sought corrective action on multiple levels on the issue of arbitrary detention in violation of 18 U.S.C. § 4001(a) by the DOJ. A command clearly imposed by Congress, on the most basic principle known to all jurists. The outright refusal to address the constitutional violations and § 4001(a) underscores the egregousness of DOJ actions and the urgency attached to review, of the executive branches actions.

What we have here is a clear refusal by some areas of the Department of Justice to adhere to it's own delegated duty given to it by Congress and its own policy findings that reveal non-statutory confinement. Petitioners issuance of notice and recognition of notice by the DOJ began as early as June 18th 2017 in FOIA-2016-02166 Appeal letter (See Ex. "D"). Petitioner states:

"Petitioner seeks release of FOIA information & expedited request based upon original request found in FOIA-2016-02166, and notification to an investigatory body that handles misconduct by prosecutors, as well as notification to the A.G.'s office on the violation of 18 U.S.C. § 4001(a)."

The recognition of notice took place in O.I.P. Appeal response DOJ-AP-2017-005286 it states:

"Regarding your request for "notification to an investigatory body that handles misconduct by prosecutors, as well as notification to the A.G.'s office on the violation of 18 U.S.C. § 4001(a)." (See Ex. "E")

The unwillingness by the government to correct a fundamental basic legal error and swiftly provide relief when a claim of non-statutory confinement has been substantiated by it's own policy findings should alarm the courts and marshal a swift response by the keepers of the constitution. There can be no action more detrimental to the public trust and judicial system than the practice of arbitrary detention.

With such gross abuse by prosecutors in this case, the question begs to be asked what other actions were taken to present the preception of a violation of the torture statute. In a country that is still deeply effected by tribalism, political vendettas testimony by people who claim I am responsible for events that took place during a 13 yr civil war will always be questionable. While the war was real I was not the author of their tragedy. Restorative justice is needed in this case.

Done Under the penalty of perjury 28 J.S.C. § 1746

Roy Belfast
9/7/18

(21)

§ 4001.        Limitation on detention; control of prisons

(a) No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.

(b) (1) The control and management of Federal penal and correctional institutions, except military or naval institutions, shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws, the Classification Act, as amended and the applicable regulations.

(2) The Attorney General may establish and conduct industries, farms, and other activities and classify the inmates; and provide for their proper government, discipline, treatment, care, rehabilitation, and reformation.

(June 25, 1948, ch 645, § 1, 62 Stat. 847; Sept. 25, 1971, P. L. 92-128, § 1(a), (b), 85 Stat. 347 .)



Rov M Belfast Jr. 76556-004
USP LEE
P.O. Box 305
Jonesville, Va 24263

2241 Package #1 Form, Memorandum, E



CERTIFIED MAIL

7017 3380 0000 7343 5238

UNITED STATES
POSTAL SERVICE®

1004          24011

U.S. POSTAGE PAID
PM 2-Day
JONESVILLE, VA
24263
SEP 10 18
AMOUNT

$0.00

R2305K138589-07



Exhibits A-C

"LEGAL MAIL"

Clerk United States District Court
210 Franklin Road SW SUITE 540
Roanoke, Va 24011-2208