CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 16 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

ROY BELFAST,
   PETITIONER,

Civil Action No. 7:18-cv-00453

7014 2120 0004 4705 6270

V.

BRECKON
   RESPONDENT.

## REQUEST FOR EVIDENTIARY HEARING

Here comes Roy M. Belfast Usms number 76556-004 pro-se located at USP Lee, P.O. Box 305, Jonesville, Va 24263 before the honorable Magistrate Judge Robert S. Ballou. Requesting a evidentiary hearing under the All Writs Act (28 U.S.C. § 1651) for the development of more facts.

## Back Ground

Petitioner was tried and convicted under criminal case no. 1:06-20758-CMA then sentenced on Jan 9th 2009 to 1,164 months. Convictions was upheld by Eleventh Circuit in United States v. Belfast 611 F.3d 783 (11th Cir. 2010) cert denied 131, S.ct 1511 (2011)

Petitioner collaterally attacked conviction and sentence and was denied in a 28 U.S.C. § 2255 in case no. 12-20754-CIV-ALTONAGA, COA denied. The court of appeals for the Eleventh Circuit denies application for leave to file a successive petition under case no. 1:16-220501-CIV-ALTONAGA.

Petitioner files a writ of habeas corpus with the Western District of Virginia which is recieved on September 12th, 2018 and is given civil action number 7:18-cv-00453

## STANDARD OF REVIEW

"It is now established beyond the reach of reasonable dispute that the federal courts not only may grant evidentiary hearings to applicants, but must do so upon an appropriate showing. Townsend v. Sain, 372 US 293, 313, 9 L Ed 2d 770, 785, 83 S.ct. 745 (1963); Brown v. Allen 344 US 443, 464, n.19, 97 L.Ed 469, 492, 73 S.ct. 397 (1935). And this court has emphasized taking into account the office of the writ and the fact that the petitioner, being in custody, is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in his petition that a habeas corpus proceeding must not be allowed to founder in a "procedural morass". Price v. Johnston, 334 US 266, 269, 92 L Ed 1356, 1361, 68 S.ct. 1049 (1948). There is no higher duty of a court, under our constitutional system, than the careful processing and adjudication of petitions for Writs of Habeas Corpus, for it

(2)

is in such proceedings that a person in custody charges that error, neglect, or evil purpose has resulted in his unlawful confinement and that he is deprived of his freedom contrary to law. This court has insistently said that the power of the federal courts to conduct inquiry in habeas corpus is equal to the responsibility which the writ involves: "The Congress, the history of the writ, the decisions of this court, all make clear that the power of inquiry on federal habeas corpus is plenary." Townsend v. Sain, supra, at 312, 9 L. Ed 2d at 785." (See 394 US 291, 292 Harris v. Nelson)

"Habeas Corpus proceedings are unique, being neither wholly civil nor criminal." Harris, 394 US. at 293-94. In most habeas cases, the record is developed and legal arguments advanced by a prisoner untrained in the law and without access to the resources that may be available to a person who is confined to a penitentiary. As a further impediment to those seeking habeas relief, many of the discovery devices provided for in the Federal Rules of Civil Procedure are not available to habeas petitioners without leave of the court. Harris, 394 US. at 295, 298; Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1990). Accordingly, courts do not demand the legal precision and factual development [688 F. Supp. 2d 483] from habeas petitioners that may be demanded of litigants of other civil actions. 4 see Holiday v. Johnston, 313 U.S. 342, 350, 61 S.ct. 1015, 85 L.Ed. 1392 (1941) (" A petition for habeas corpus ought not be scrutinized with technical nicety."). Petitioners generally bear the burden of proof on their claims. Garlotte v. Fordice, 515 U.S. 39, 46, 115 S.ct. 1948, 132 L.Ed. 2d 36 (1995). Consonant with the loose procedural standards, and given that the petitioners liberty is at stake, courts are admonished to err on the side of caution when adjudicating petitions: If there is grave doubt that petitioners detention is lawful, then habeas relief should be granted. See O'Neal v. McAninch, 513 U.S. 432, 445, 115 S.ct. 992, 130 L.Ed. 2d 474, 2010 US. Dist Lexis 6663, Civil Action No. 5:07-

(3)

cv-00941 Jan 27, 2010).

## ARGUMENT

Petitioner seeks a evidentiary hearing and the request for the honorable Ballou to employ the All Writs Act (§ 1651) within the evidentiary process to elicit additional facts necessary to help the court to dispose of the matter as law and justice require. "the courts may fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage. Where their duties require it, this is the inescapable obligation of the courts. Their authority is expressly confirmed in the All Writs Act, 28 U.S.C. § 1651. This statute has served since it's inclusion, in substance, in the original judiciary act as "legislatively approved source of procedural instruments designed to achieve 'the rational ends of law.'" Price v. Johnston, 334 US 266, 282, 92 L.Ed. 1356, 1368, 68 S.Ct. 1049 (1948), quoting Adams v. United States ex rel. McCann, 317 US 269, 273, 87 L.Ed 268, 271, 63 S.Ct. 236, 143 ALR 435 (1942). "It has been recognized" that the courts may rely upon this statute in issuing orders appropriate to assist them in conducting factual inquiries. American Lithographic Co v. Werckmeister, 221 US 603, 609 55 L.Ed 873, 877, 31 S.Ct. 676 (1911) (Subpoena duces tecum); Bethlehem Shipbuilding Corp. v. NLRB, 120 F.2d 126, 127 (CA 1st Cir. 1941) (Order that certain documents be produced for the purpose of pretrial discovery). In Price v. Johnston, supra, this court held explicitly that the purpose and function of the All Writs Act to supply the courts with the instruments needed to perform their duty, as prescribed by the Congress and the Constitution, provided only that such instruments are "agreeable" to the usages and principles of law, extend to habeas corpus proceedings. At any time in the proceedings, when the court considers that it is necessary to do so in order that a

fair and meaningful evidentiary hearing may be held so that the court may properly "dispose of the matter as law and justice require," either on it's own motion or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings with respect to development, before or in conjunction with the hearing of the facts relevant to the claims advanced by the parties, as may be "necessary or appropriate in aid of [it's jurisdiction]"... and agreeable to the usages and principles of law." 28 U.S.C. § 1651 [394 US 300 Harris v. Nelson]

Petitioner in Writ of Habeas Corpus memorandum raised a violation of § 4001(a) in claim one, which was substantiated by recent policy findings by the Justice Department under FOIA-2016-02166 and DOJ-AP-2017-005286 (See Exhibits "D" and "E" respectively attached to memorandum), which demonstrates that somewhere in the course of the proceeding the court lost the authority to impose the judgment and commitment under criminal case 06-20758-CMA based upon the governments (systemic) failure to meet it's "burden of proof" in relation to count 1 and the erroneous jury instructions issued by the court in relation to count 1. (See jury instructions exhibit "G" attached to 2241 memorandum) and the significant "Due Process" effect count 1 has on counts two through eight when there is no evidence to support a violation of 18 U.S.C. § 2340A(c)

The governments failure to source any records from the Department of Justice and trial record (under criminal case 06-20758-CMA) that provides evidence petitioner violated 18 U.S.C. 2340A(c) not only revealed a § 4001(a) violation, but a violation of Jackson v. Virginia 61 LEd 2D 560 (insufficiency of evidence) and Morrison v. California 78 L.Ed 664, 291 US 92 (prohibition on "one man" conspiracy)

(5)

The violations of § 4001(a), Jackson v. Virginia, Morrison v. California all warrant further inquiry in the interest of justice on whether actions by the government prior to trial may have created absence of jurisdiction from the beginning unbeknownst to the court. § 4001(a) statute states: "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an act of Congress." Imprisoned portion of the statute, refers to the pre-trial stage before the proceeding, the "insufficiency of evidence", prohibition on "One man" conspiracy further deepen the need for a deep dive judicial probe as to the actions of the government prior to trial. "The writ of habeas corpus will lie only in case the judgment under which the prisoner is detained is shown to be absolutely void for want of jurisdiction in the court that pronounced it either because such jurisdiction was absent at the beginning or because it was lost in the course of the proceedings". (See 67 L.ED 543, 261 US 95 Moore v. Dempsey) A evidentiary hearing will permit a thorough development of the record through the employment of certain rules under civil law which include rule 33, 45(D)&(E), 36(a)(1)(A), request for specific portions of grand jury transcript placed under in camera inspection if so required once petitioner formally requests before the courts in the very near future. The more facts brought in the present civil action serves to benefit both petitioner and government.

    Other factors to consider relevant to the determination of evidentiary hearing are the following:

A.) Petitioner's case is one of first instance since Congress enacted the Anti-torture statute to meet America's international obligation under the convention against torture. Any ruling, subsequent appeal from the Western District of Virginia of the Fourth Circuit will have historical judicial significance that will be studied and discussed by professors, lawyers, students, judges, and politicians for years to come.

B.) The manner in which the executive branch conducted itself regarding non-discretionary functions imposed upon it by Congress, the process for approval of prosecution of petitioner, subsequent investigation, grand jury action, practice at trial, sentencing, confinement are worthy of intense scrutiny based upon 2241 memorandum and exhibits attached. The court is the vanguard to safeguard the public trust, executive branches abuse against citizens, preservation of the constitution, as well as the integrity of the judicial proceedings under the standards intended by the founding fathers and legislative branch of government.

C.) The government went back before the grand jury twice expanding the 18 U.S.C. § 2340A(c) count 1, a count that both DOJ and trial record are silent on regarding petitioner allegedly having violated. It is in the governments interest and plaintiffs as well to eliminate any doubt that may linger as to whether error, neglect were the reasons, as opposed to some evil purpose, that led to government prosecutors seeking approval for a charge, investigating and requesting an indictment for § 2340A(c) three times before a grand jury, that it ultimately put up insufficient evidence to sustain at trial. I foresee no objection by the government in eliminating such a consideration, and or proving no error occurred prior to trial.

D.) The government sought maximum penalty on all counts when it was well aware it provided no evidence at trial to prove a violation of 18 U.S.C. § 2340A(c), and the jury instructions issued in counts 2 through 8 were critically attached to a count it failed to prove beyond a reasonable doubt which would render the entire judgment "void" on it's face.

E.) To support and sustain ethical standards under the American Bar Association and McDade Act 28 U.S.C. § 530B et seq. when occurrences take place that violate those principles in the judicial process which has happened here.

F.) Petitioner has made a clear showing under 2241 to warrant consideration by the courts to elicit more facts to bring before the court.

"But where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore, entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry. Obviously, in excercising this power, the court may utilize familiar procedures, as appropriate, whether these are found in the civil or criminal or elsewhere in the "usages and principles of law." [394 US 300 Harris v. Nelson]

## CONCLUSION

It is for the above stated and all moral reasoning that petitioner prays for a evidentiary hearing with the courts employing the All Writ Acts (28 U.S.C. § 1651) to develop the record to the fullest extent possible, or in the alternative if the courts believe a evidentiary hearing to time consuming to grant permission under the All Writs Act to permit plaintiff to pursue subpoena duces tecums (narrow in scope only to documents relevant to 18 U.S.C. § 2340 A (c)) a interrogatorie like process permitting the presentment of questions to respondent to be answered by government prior to their response, or have questions incorporated in response mandated by the court in sixty days, as well as the like or kind process to "Request For Admission" (Rule 36 (a)(1)(A)) under Fed. R. Civ. P.

(8)

Twelve years has been snatched away from plaintiff, plaintiffs children and family that cannot be returned. Petitioners standing has been tainted, soiled by Department of Justices actions and this conviction. Restorative justice is deserving of all the facts and level of legal forensics of this case well beyond the standards of a average jurist.

Even with relief granted petitioners standings will still suffer irreparable damage. The media, nor the government that took twelve years of my life will never cover this civil action to the same standards they did when plaintiff was indicted. Petitioner will have to continue to defend and rebut at some level for the rest of his life, even if and when relief is granted. The prayer is that relief will be granted and any future rebuttal will be done so with a court ruling that opened every door, searched every corner, unlock every pandora's box worthy of a seasoned jurist, which you are Magistrate Ballou.

O' guardian of the constitution it is by your acts and rulings that lady justices scales will be determined.

All Under The Penalty of Perjury 28 U.S.C. § 1746

Roy Belfast
october 9th 2018

Roy Belfast 76556-004
USP Lee
P.O. Box 305
Jonesville, Va 24263





RECEIVED

OCT 15 2018

USDC Clerk's Office
Mail Room



"LEGAL MAIL"

Clerk of Courts
 For The
U.S. District Court of the
Western District of Virginia
210 Franklin Road SW Suite 540
Roanoke, Va 24011