# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF VIRGINIA

ROY BELFAST                        Civil Action: 7:18-cv-00453

v.

BRECKON

## REQUEST TO SUBPOENA SPECIFIC PORTIONS
## OF THE GRAND JURY TRANSCRIPTS

Here comes Roy Belfast pro-se, located at USP Lee, P.O. Box 305, Jonesville Va 24263 before the Honorable Magistrate Judge Robert S. Ballou, requesting the issuance of subpoena duces tecum for the release of specific portions of the grand jury transcript to aid in the gathering of facts in the present proceeding.

## Back Ground

Petitioner was tried and convicted under criminal case no. 1:06-20758-CMA then sentenced on Jan 9th 2009 to 1,164 months. Conviction was upheld by Eleventh Circuit in United States v. Belfast 611 F.3d 783 (11th Cir. 2010), cert denied 131, S.Ct. 1511 (2011)

Petitioner collaterally attacked conviction and sentence and was denied in a 28 U.S.C. § 2255 in case no. 12-20754-CIV-ALTONAGA, CoA denied. The court of appeals for the Eleventh Circuit denies application for leave to file a successive petition under case no. 1:16-220501-CIV-ALTONAGA.

Petitioner files a Writ of Habeas Corpus with the Western District of Virginia which is recieved on September 12th with Civil Action number issued on September 27th 2018

## STANDARD OF REVIEW

Parties seeking grand jury transcripts under rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." 60 L.ED 156, 99 S.Ct 1667 (1979), 441 U.S. 211, 222 Douglas Oil v. Petrol Stops Northwest.

## Argument

### The Specific Portion Of Grand Jury Transcript Sought Will Assist In The Development Of The Facts In Present Proceedings To Aid Courts In Disposing Of The Matter As Law And Justice Require, Avoiding A Possible Injustice

Petitioner formally requests release of specific portions of the grand jury transcripts regarding 18 U.S.C. § 2340 A(c).

The indictments language ties all counts to count 1 (See Ex. "J" attached to original memorandum). 18 U.S.C. § 2340 A(c) which erodes all other counts when there is no evidence on the trial record to support a violation. The Writ of Habeas show cause to warden Breckon was partly predicated upon the violation of § 4001(a) and "failure to act" based upon the executives failure to adhere to a non-discretionary act § 4001(a) (which bars detention in federal prisons) after clearly having been given "notice" to the federal executive (See Exhibits "A", "B", "C" attached to Habeas memorandum).

The standard of proof is greater at trial, than in the grand jury proceeding. In claim petitioner defined/detailed the violation of § 4001(a) (See Claim One pages five to fourteen of Habeas memorandum) making a clear showing on what is absent from the trial record in relation to count 1 18 U.S.C. § 2340 A(c). Petitioner goes on to substantiate claim through department of justice policy findings FOIA-2016-02166 and DOJ-AP-2017-005286 (See Exhibits "D" and "E" attached to habeas memorandum). The showing of a § 4001(a) violation in memorandum which is substantiated by FOIA-2016-02166 and DOJ-AP-2017-005286 demonstrates through trial courts lost jurisdiction, somewhere along the proceeding to issue a final judgment ; commitment.

This fact is demonstrated through exhibits attached to memorandum. It is this systemic failure by the government to meet it's burden of "proof beyond a reasonable doubt" where the weight for presentation of evidence is significant, which warrants the need to evaluate the evidence/probable cause information at a stage of the proceeding where the standards are far less stringent.

The other factor is petitioner has made a clear showing of a violation of the "imprisoned" side of the § 4001(a) violation. Petitioner asks this court to allow evaluation as to whether the detention side of the statute was violated which refers to proceedings prior to the issuance of a criminal judgment. The § 4001(a), Jackson v. Virginia, Morrison v. California (Supreme Court rulings) violations demonstrate a strong need for inquiry into specific portions that cover whatever evidence was presented to the grand jury to secure an indictment under 18 U.S.C. § 2340 A(c)

Justice Brennan the author of Sells, emphasized in his dissent in Pittsburgh Plate Glass Co. v. United States, 360 U.S. at 403

"Grand jury secrecy is of course, not an end in itself. Grand jury secrecy is maintained to serve particular ends, but when secrecy will not serve those ends secrecy may and should [800 F.2d 1300] should be lifted, for to do so in such a circumstance would further the fair administration of criminal justice." (See 800 F.2d 1293 : In re Grand Jury Proceedings (4th Cir 1986))

Rule 6(e)(2) codifies this secrecy principle and prohibits the disclosure of grand jury material except in the limited circumstances described in rule 6(e)3. The portion of that provision at issue is (E). The court may authorize disclosure at a time in a manner, and subject to any other conditions that it directs -- of a grand jury matter : (i) Preliminary to or in connection with a judicial proceeding (ii) At the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Fed. R. Crim. P. 6(e)(3)(E)(i) and (ii) (See U.S. v. Elias Lou Abusaid 256 Fed. Appx 281, 2007

U.S. App. Lexis 27506). Petitioner invokes both prongs under request.

Additional Reasons For The Court To Mandate A Specific Portion Of The Grand Jury Transcript That Covers 18 U.S.C. § 2340 A (c) Are the following:

A.) The grand jury investigation is completed in criminal case 06-20758-CMA. "After a grand jury's investigation has terminated most of the reasons for grand jury secrecy are no longer applicable and the others less compelling." Judge Edelstein in SEC v. Everest 87 F.R.D. 100 (S.D. NY. 1980) declared that after the grand jury has completed its investigation, "the reason for continued secrecy are [800 F.2d 1301] few; consequently, the burden on movants to justify disclosure is lessened though not eliminated." (See 800 F.2d 1293 : In re Grand Jury Proceeding 4th Cir. 1986)

"After the grand jury's function are ended, disclosure is wholly proper where the ends of justice require it." United States v. Socony-Vacuum Oil co. 310 U.S. 150, 234, 84 L.Ed 1129, 60 S.Ct. 811 (1940)

B.) Grand jury transcript can be released and are often released during pre-trial and trial proceedings, under far more challenging standards than the present Habeas Corpus proceedings taking place some 9yrs later after the issuance of the J&C on January 9th 2009. The Fourth Circuit Court of Appeals in 800 F.2d 1303 :: In re Grand Jury Proceedings 4th Cir. 1986) stated the following:

"It is contrary to the wholesome spirit of modern federal procedure to deny one party evidence available to the other party such a procedure is too much like providing arms to one adversary and denying it to [800 F.2d 1303] the other. The language of the Supreme Court in Dennis v. United States, 384 U.S. 855, 873-4, 16 L.Ed 2d 973, 86 s.ct. 1840 (1966) states convincingly the reason against such a practice in this context:

It is especially important that the defense, the judge and the jury should have the assurance that the doors that may lead to truth have been unlocked. In an adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts. Exceptions to this are justifiable only by the clearest and most compelling circumstances. For this reason we cannot accept the view of the court of appeals that it is "safe to assume" no inconsistencies would have come to light if the grand jury testimony had been examined. There is no justification for relying on "assumptions."

The government in the present quasi criminal proceedings still has full access to the "storehouse of relevant facts of this case as described in 384 U.S. 855 Dennis v. United States, while petitioner is litigating partially blinded by the DOJ veil unable to access additional facts relevant to this criminal case 06-20758-CMA § 2241 in a timely manner and or at all without the courts assistance. It took petitioner close to a year to get the policy findings DOJ-2016-02166 which substantiates a § 4001(a) violation (See Exhibits "D" May 17th 2017 letter and One Hundred Sixty plus page release and subsequent appeal in Exhibit "E" attached to habeas corpus memorandum).

Petitioner makes request for specific portions of the grand jury transcripts under far less difficult standards, under a post trial habeas corpus proceeding, but no less dire the circumstances. Petitioner's liberty interest under 5th, 14th, 8th, 13th sec 1, § 4001(a), Executive Order 13107 is at stake and the careful adjudication of this writ of habeas corpus and the authority of the court to grant access to other relevant parts of the criminal record advances Liberty interest protection and is within the spirit of the 2241. "There is no higher duty of a court, under our constitutional system, than the careful processing and adjudication of petitions for writ of habeas corpus." [394 US 292]

"Petitioner for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to "dispose of the matter as law and justice require." [394 US 290]

"It has been recognized that courts may rely upon this statute (§ 1651) in issuing orders appropriate to assist them in conducting factual inquiries." [394 US 290]

C.) Petitioners criminal proceedings ended 9 yrs ago with no subsequent prosecutions relating to the initial proceedings. "Substantially, all the public interest considerations favoring secrecy are satisfied after the grand jury investigation and the resulting criminal proceedings have been exhausted except for the consideration of "the possible effect upon functioning grand juries" as stated by Justice Powell in his opinion in Douglas, 441 U.S. at 222." [800 F.2d 1301]

"The identity of the witness is thereby disclosed and the exact nature of their testimony is revealed - without restraint or hinderance. If the witnesses before the grand jury can be harrassed, coerced or intimidated by such disclosure that peril became real when the prior disclosure was made." [800 F.2d 1301]

"In Douglas, the Supreme court observed that while the reasons for secrecy may not be entirely "eliminated merely because the grand jury has ended its activities," 441 U.S. at 222, that latter circumstances makes the effects of disclosure less crucial and will reduce the need for secrecy." [800 F.2d 1301]

"If the grand jury investigation not only has been terminated but, in addition, the resulting criminal proceedings themselves have been concluded without any threat of other prosecutions, the reason for secrecy are weakened even further." [800 F.2d 1301]

In re-shopping cart antitrust litigation, 95 F.R.D. 309, 312-13 (S.D. N.Y.) (1982). Lapse of time between the grand jury proceedings and the motion for disclosure is likewise a factor to be considered on the issue of the public interest in continued secrecy since, as William Lytton in grand jury secrecy -- time for a re-evaluation, 75 Journal of Cr. Law & Criminology, 1100, 1102 (1984) said, 'the need for secrecy may diminish' with the passage of time... See also, State of Illinois v. Sarbaugh, 552 F.2d 786, 776, n.12 (7th Cir), cert denied, 434 U.S. 889, 54. L.Ed.2d 174, 98 S.ct 262 [800 F.2d 1301]

"But after grand jurys function are ended, disclosure is wholly proper where the ends of justice require it. See Metzler v. United States (CCA 9th) 64 F.(2d) 203, 206 9th Circuit." [310 US 234]

"After an indictment has been found and made public and the defendants apprehended, the policy of the law does not require the same secrecy as before as to grand jury proceedings. Where the ends of justice can be furthered thereby and when the reasons for secrecy no longer exist, the policy of the law requires that the veil of secrecy be raised." (See 64 F.2d 203 :: Metzler v. United States, 9th Cir. 1933)

"When the reasons for the policy of secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosure should not be required to demonstrate a large compelling need." (See 552 f.2d 768 Illinois v. Sarbaugh 7th Cir. 1976)

At present there is no safety concern for prospective witnesses, testimony has already been given, there is no risk of petitioner fleeing, no concern of influence over potential witnesses. The disclosure out weighs secrecy for above stated facts in motion. The integrity of the grand jury proceedings which must be protected from dubious defendants and violations of constitutional interest, as well as percieved biase in the grand jury proceeding based upon the government larger failing to have proven a more substantial burden at trial, proof beyond a reasonable doubt that petitioner violated 18 U.S.C. § 2340 A (c).

It is in petitioners, governments, and publics interest to have a indepth transparent habeas proceeding with a case of first instance and a issue that led to rigorous public and political debate in the United States. The temporary imposition of American standards of law upon alleged victims at trial is not sufficient enough to have insured ethical, moral, and social standards of transparency, lack of implicit biase were sustained by people who are largely foreign to such mantras of western culture. All of the testimony at trial was based upon a conspiracy and my proximity and relationship to instruments of the Liberian government that does not comport with judicial standards on what it takes to prove conspiracy. Without the establishment of a real conspiracy such testimony should have never been introduced, the cart was put before the horse.

## RELIEF SOUGHT

1.) Court order subpoena regarding the release of the specific portion of grand jury transcript concerning 18 U.S.C. § 2340 A (c) evidence.

2.) A in-camera inspection of the grand jury transcript relevant to the 18 U.S.C. § 2340A(c) under a evidentiary process

All Done Under The Penalty of Perjury 28 U.S.C. § 1746

Roy Belfast



Roy Belfast #76556-054
VSP Lee
P.O. Box 305
Jonesville, VA 24263

"LEGAL MAIL"

Clerk of Courts
United States District Court
for the
Western District of Virginia
210 Franklin Rd SW, Suite 540

7014 2750 0004 4705 9263

CERTIFIED MAIL