7014 2120 0004 4705 6256

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 17 2018

JULIA C. DUDLEY, CLERK
BY: A. Beesn
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

ROY BELFAST            Civil Action: 7:18-cv-00453

v.

BRECKON

## REQUEST FOR COURT ORDER CONCERNING DOCUMENTS RELEVANT TO PRESENT PROCEEDING

Here comes Roy Belfast, 76556-004, located at USP Lee P.O. Box 305, Jonesville Va 24263 before the honorable Magistrate, Judge Robert S. Ballou, requesting the issuance of a court order to assist the court in the development of facts to aid the present Habeas Proceeding.

## BACK GROUND

Petitioner was tried and convicted under criminal case no. 1:06-cr-20758-CMA then sentenced on 9th 2009 to 1,164 months. Conviction was upheld by Eleventh Circuit in United States v. Belfast 611 F.3d 783 (11th Cir. 2010), Cert denied 131, S.Ct. 1511 (2011)

Petitioner filed a 28 U.S.C. § 2255 in civil case no. 12-20754-CIV-ALTONAGA and was denied. Coa denied after 2255. The court of appeals for the Eleventh Circuit denies application for leave to file a successive petition under case no. 1:16-220501-CIV-ALTONAGA

Plaintiff files a Writ of Habeas Corpus with the District Court of Virginia which is recieved on September 12th with civil action number 7:18-cv-00453

## STANDARD OF REVIEW

" The freedom of information act is premised on the notion that an informed citizenry is vital to the functioning of a democratic society... and needed to check against corruption and to hold the govenors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed. 2d 159 (1978)

At all times, court must bear in that FOIA mandates a strong presumption in favor of disclosure...." Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 32, 353 US. App. D.C. 374 (D.C. Cir. 2002) (quoting U.S. Dept of State v. Ray, 502 U.S. 164, 173, 112 S.ct. 541, 116 L.Ed 526 (1991))

(2)

"The freedom of information act was passed to "promote honesty of government by seeing to it that public business functions under the light of public scrutiny." 464, F.2d 657, 660 (6th Cir. 1972

Plaintiff formally requests Freedom of Information Act documents due for release be brought under court order and released prior to the Magistrates ruling to aid in the courts careful adjudication of Habeas Petition with more facts in order to dispose of the matter as law and justice may so require as well as aid plaintiff to further substantiate violations of the Constitution. The court order for release of FOIA is already due for release to petitioner as required by law. It has been over a year since request was made.

After conducting a FOIA request regarding the evidence used at trial to prove a violation of 18 U.S.C. § 2340 A(c). The documents released under FOIA-2016-02166 substantiate a "Due Process" violation (i.e. § 4001(a), Jackson v. Virginia 61 LED 2D 560, Morrison v. California 78 L.Ed 664, 291 US 92). After the significance of the FOIA-2016-02166 plaintiff followed up with additional requests regarding 18 U.S.C. § 2340 A(c). Plaintiff carried out two additional requests in that regard.

Petitioner sent via cert. slip 7016 1970 0000 9085 8410 a FOIA request letter dated July 8th 2017, stating: "I Roy Belfast request a copy of the evidence used to gain approval for the indictment of violation of 18 U.S.C. § 2340 A(c) found in Criminal Case number 1:06-cr-20758-CMA." (See. Ex "A"). FOIA, Privacy Act staff responds to plaintiff (See. Ex. "C")

Petitioner sent via cert slip 7016 1970 0000 9085 8458 a FOIA request letter dated July 9th 2017, stating: "I Roy Belfast request a copy of the prosecution memorandum, case initiation report, and supporting affidavits or affidavit used to initiate investigation and obtain approval for criminal case 1:06-cr-20758-cma." (See Ex. "B") FOIA responds to plaintiff. (See Ex. "C")

FOIA has been the principal and only means through which plaintiff has used to get any responsiveness by the government regarding this criminal case now before the court under civil action, showing a violation of 18 U.S.C. § 4001(a) and "failure to act" after "notice" of the violation was given on multiple occasions.

The FOIA release played a role in the court determining whether to accept jurisdiction, which it did issuing a "show cause" order. Freedom of Information has been an asset to plaintiff as a pro-se litigant, providing the means to compel the government to provide documents which present "undisputed material facts" which substantiates petitioners claim and will aid the courts in it's legal determination in a disportionately disadvantageous playing field dominated by the government which at times can facilitate unconstitutional behavior and help aid it's cover up.

The request for court order follows a clear strategy by petitioner to seek and procure "self authenticating" documents, "undisputed material facts" relevant to the 18 U.S.C. § 2340A(c) challenge carrying out as much fact finding before going to the judicial branch of government. The FOIA requests represent the zenith of plaintiffs individual efforts outside the courts intervention. The judicial branches function is easiest when it has the most facts available to it, to aid in the fair dispense of justice. Both plaintiff and respondent/government have a clear duty to facilitate the courts with as many facts as possible.

(4)

FOIA-2016-02166 sought to address evidence of a violation of 18 U.S.C. § 2340A(c). The two additional requests are intended to secure documents on 18 U.S.C. § 2340A(c) issue prior to grand jury action. The request for court order compliments the recent motion before the court requesting specific portions of the grand jury transcripts concerning 18 U.S.C. § 2340 A(c).

With the granting of the court order regarding FOIA requests within present motion, and prior motion on release of specific grand jury transcripts on 18 U.S.C. § 2340 A(c), combined with FOIA-2016-02166 will provide the court with facts from the inception of the case, from within the DOJ all the way up to issuance of J&C, as the courts are in possession of indictment, jury instructions, FOIA-2016-02166.

Plaintiffs present mission objective is to assist the courts in accomplishing a thorough evaluation and critical analysis involving law and fact, two timeless principles closely guarded and endeared by all jurists. The law is there for all to easily access via public means, unlike facts of a case. The government retains the monopoly on facts being known in plaintiffs case. Plaintiff has only been given brief glimpses into it's store house of facts, which has provided information that aided the courts issuance of a "show cause" order in the present habeas action. There is no reason to believe the additional release of FOIA documents will not further the courts goal of truth seeking and issuing rulings representative of accurate thorough analysis reflective of it's constitutional obligations.

The FOIA-2016-02166 findings in petitioners habeas memorandum revealed a blatant § 4001(a) violation but not limited too. The brief provision of facts by the government from it's storehouse of facts under a FOIA request required under law, revealed the emperors status regarding this case. Nine vrs after issuance of J&C gov. still dominates the playing field. The court order for release of FOIA documents to be provided prior to any court ruling still provides no parity between plaintiff and government, the government still litigates from the mountain top. It's motivations, intent, source of orders and over all intended effects of plaintiff's conviction will remain permenant mysteries the government will never reveal.

Any means that facilitates transparency, justice, truth, and United States Constitutions should be granted. This is based upon FOIA-2016-02166 and DOJ-AP-2017-005286 corroborating and substantiating plaintiffs claim of a "Due Process" violation (i.e. 18 U.S.C. § 4001(a), Jackson v. Virginia 61 LED 2D 560, Morrison v. California 78 L.Ed 664, 291 US 92)

"Habeas corpus proceedings are unique, being neither wholly civil nor criminal. In most habeas cases, the record is developed and legal arguments are advanced by a prisoner untrained in law and without access to the resources that may be available to a person who is not confined to a penitentiary. As a further impediment to those seeking habeas relief, many of the discovery devices provided for in the Federal Rules of Civil Procedure are not available to habeas petitioners without leave of the court." (Jefferson v. Berkebile, 688 F.supp.2d 474; 2010 U.S. Dist. Lexis 6663 4th Cir District Court for the Southern District of West Virginia)

"if the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release. Thus there is nothing novel in the fact that today habeas corpus in the federal courts provides a mode for the redress of denials of due process of law. Vindication of due process is precisely its historic office." (9 LED2D 837, 372 US 402 Fay v. Noia)

## RELIEF SOUGHT

1.) Courts utilize All Writs Act issuing court order to have FOIA requests (See Ex. "A" & "B") released to plaintiff and court within the 90 days, and/or prior to courts ruling. "The All Writs Statute (28 U.S.C. § 1651) extends to habeas corpus proceedings and authorizes the courts to fashion appropriate modes of procedure by analogy to existing rules or otherwise in conformity with judicial usage; where their duties require it, this is the inescapable obligation of the courts.(§ 109 Supreme Court Digest, Lawyers Edition, 22 LED2D 281, 394 US 286 Harris v. Nelson); or

2.) Any relief the courts deems sufficient to release FOIA information in the proceeding.

All Done Under The Penalty Of Perjury 28 U.S.C. § 1746, Done On October 14th 2018

Roy Belfast

Roy Belfast Jr #76556-004
USP LEE
P.O. Box 305
Jonesville, Va 24263



CERTIFIED MAIL®

7014 2120 0004 4705 6256

"LEGAL MAIL"

Clerk of Courts
United States District Court for the
Western District of Virginia
210 Franklin Road SW, Suite 540
Roanoke Va 24011

