CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
10/22/2018
JULIA C. DUDLEY, CLERK
BY:
s/ A. Beeson
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
WEST DISTRICT OF VIRGINIA

ROY BELFAST
   PLAINTIFF

V.

BRECKON
   RESPONDENT

Civil Action: 7:18-cv-00453

7014 2120 0004 4705 6249

## Request For Issuance Of Court Order To Gather Additional Evidence Under In Camera Inspection

Here comes Roy Belfast, 76556-004 pro se located at United States Penitentiary Lee P.O. Box 305, Jonesville, Va 24263 before the honorable Magistrate Judge Robert S. Ballou, requesting the issuance of court order to aid plaintiff and courts in the development of facts to dispose of the present action as law and justice may require.

## Back Ground

Petitioner was tried and convicted under criminal case no: 1:06-cr-20758-CMA then sentenced on Jan 9th, 2009 to 1,164 months. Conviction was upheld by 11th Circuit (See 611 F.3d 783 11th Cir. 2010), Cert denied 131 s.ct. 1511 (2011)

Petitioner filed a 28 U.S.C. §2255 in civil case no. 12-20754-CIV-ALTONAGA and was denied. Coa denied after 2255. The court of Appeals for the 11th Circuit denies application for leave to file a successive petition under case no. 1:16-220501-CIV-ALTONAGA.

Plaintiff files a Writ of Habeas which is given civil action number 7:18-cv-00453

## STANDARD OF REVIEW

"habeas privilege entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of law," INS v. St Cyr, 533 U.S. 289, 302, 121 S.ct 2271, 150 L.Ed. 2d 347

Indeed, one purpose of traditional habeas relief was to remedy statutory, as well as constitutional, claims presenting "a fundamental defect which inherently results in a complete "miscarriage of justice" and exceptional circumstances where the need for the remedy afforded by the Writ of habeas corpus is present." Davis, 417 U.S. at 346 (quoting Hill v. United States, 368 U.S. 424, 428 (1962))

"The framers viewed freedom from unlawful restraint as a fundamental percept of liberty, and they understood the writ of habeas corpus as a vital instrument to secure that freedom." Boumediene v. Bush, 553 U.S. 723, 739, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008)

"The privilege of the writ of habeas corpus has remained central to our justice system even as the statutory scheme codifying the writ has undergone several transformation over the years." Boumediene, 553 U.S. at 740

"A defendant, however, always has a "substantial and legitimate expectation" under the Fourteenth Amendment to "be deprived of his liberty only to the extent determined by the [trier of fact] in the excercise of its statutory discretion." Hicks v. Oklahoma, 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980)

"In re Winship, 397 US 358, 25 L Ed. 2d 368, 90 S.ct. 1068 (1970), which was "the basis for [the prisoners] constitutional claim" in Engel, supra, at 131, 71 L Ed 2d 783, 102 S.ct. 1558, holds that "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact neccessary to constitute the crime with which he is charged. Winship, supra, at 364, 25 L Ed 2d 368, 90 S.ct. 1068." (477 US 495 Murray v. Carrier)

"the central mission of the Great Writ should be the substance of "justice," not the form of procedures. As justice Frankfurter explained in his seperate opinion in Brown v. Allen, 344 US 443, 498, 97 L Ed 469, 73 S.ct. 397 (1953): The meritorious claims are few, but our procedures must ensure that those few claims are not stifled by undiscriminating generalities. The complexities of our federalism and the workings of a scheme of government involving the interplay of two governments, one of which is subject to limitations enforceable by the other, are not to be escaped by simple, rigid rules which, by avoiding some abuses, generate others." (See 477 US 500)

# Argument

"Petitioner Seeks Additional Evidence To Further Demonstrate "Due Process", § 4001 (a) Regarding 18 U.S.C. § 2340 A(c) In Habeas Petition And Elicit More Facts Prior To Any Ruling By The Courts.

Petitioner sent via certified slip no. 7016 1970 0000 9085 8441 a Freedom of Information request to the Federal Bureau of Investigation stating:
"I Roy Belfast request a copy of the information found to prove petitioner violated 18 U.S.C. § 2340 A(c) according to statutes jurisdictional section 18 U.S.C. 2340A (b)(1)(2), as well as a copy of any supporting affidavits, used before or during arrest of petitioner regarding criminal case 1:06-20758-cmg. Be advised evidence is not exempt by statute (5 U.S.C. 552 (c)(1), (5 U.S.C. 552a (j)(2), (K)(2), or law, Tarlton v. Saxbe, 507 F.2d 1116, 165 U.S. App. D.C. 293 ((1974), Menard v. Saxbe, 498 F.2d 1017, 162 U.S. App D.C. 284 (1974), Sullivan v. Murphy, 478 F.2d 938, 156 U.S. App. D.C. 1973.

Your agency is advised that the investigation reports involved are no longer accord exempt status, unless the specified exemption noted, and only with reference to specific citation of authority, Paton v. La Prade, 524 F.2d 862, 868 69 (CA3 1975)." (See Exhibit "A")

On September 26th 2017 the FBI responds with a letter and a six page release non-responsive to claim (See Ex "B"). Nov 15th 2017 the Office of Information Policy issues a letter (See Ex "C2"), based upon petitioners appeal of non-responsive FBI FOIA release (See "C1").

January 15th 2018 the Office of Information Policy issues its determination. (See Ex. "D")

Plaintiff is due to file a law-suit challenging OIP response/ruling on FBI FOIA release. Plaintiffs sole intention regarding a potential law-suit was to obtain undisputed facts self authenticating records to support a future court challenge concerning a Due Process violation regarding the assertion of 18 U.S.C. § 2340 A(c) in plaintiffs indictment, which all counts are inherently tied too. (See Exhibit "J" Indictment attached to habeas memorandum). The future court challenge foreseen is now in this present Habeas proceeding under civil action 7:18-cv-00453, which involved prior Freedom of Information Act documents released under FOIA-2016-02166 and OIP policy finding DOJ-AP-2017-005286 presented within habeas memorandum to substantiate plaintiffs claim of a § 4001(a), E.O. 13107, 5th, 14th, 8th, 13th, 1st Amendment violation but not limited too.

Plaintiff filing a law-suit concerning FOIA release would run counter to further demonstrating a violation of § 4001(a) E.O. 13107, 5th, 14th, 8th, 13th sec.1, 1st before the court, as the process would exceed any reasonable time frame the court will use to dispose of the present matter. Therefore because of this fact, plaintiff requests that the request made under (Ex "A") be brought forward in present habeas proceeding under in-camera inspection by court order, to inspect contents as to determine the relevance and weight of documents regarding plaintiff's 18 U.S.C. § challenge, to incorporate or dispose of documents as required by law and justice, in the determination of this case.

"In Hensley v. Municipal Court, 411 US 345, 349-350, 36 L Ed 2d 294, 93 S.Ct. 1571 (1973) the court similarly emphasized this approach, stating:

"Our recent decision have reasoned from the premise that habeas corpus is not 'a static narrow, formalistic remedy,' Jones v. Cunningham, [371 US 236] 243 [22 L Ed 2d 281, 89 S.ct 1082] (1963), but one which must retain the 'ability to cut through barriers of form and procedural mazes.' Harris v. Nelson, 394 US 286, 291 [22 L Ed 2d 281, 89 S.ct. 1082] (1969). See, Frank v. Mangum, 237 US 309, 346 [59 L Ed 969, 35 S.ct. 582] (1915) (Holmes, J., dissenting). 'The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within it's reach are surfaced and corrected.' Harris v. Nelson, supra, at 291 [22 L Ed 2d 281, 89 S.ct. 1082] (See 477 US 501, Murray v. Carrier)

"Thus, we have consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements." (477 US 501)

"It is equally clear that the prisoner must always have some opportunity to re-open his case if he can make a sufficient showing that he is the victim of a fundamental miscarriage of justice." (477 US 515)

Presently the court has before it two prior motions concerning 18 U.S.C. § 2340 A(c) evidence the executive branch has in its possession, relevant to the present habeas petition.
  A) Motion for FOIA information due for release as required by law to be brought under court order to aid in the present habeas proceeding sent via certified slip no. 7014 2120 0000 4705 6256
  B.) Request for specific portions of grand jury transcripts concerning 18 U.S.C. § 2340 A(c) sent via certified slip no.

number 7014 2120 0004 4705 6263. All requests made prior to this motion are tightly focused around evidence concerning a violation of 18 U.S.C. § 2340 A(c) no more, no less. The present in-camera request for documents held by the FBI concerning any evidence it may possess on a violation of 18 U.S.C. § 2340 A(c) would complete the fact finding efforts concerning, gathering as much documents on 18 U.S.C. § 2340 A(c) held by the government the law would allow. To marshal a presentation before a court of law on multiple constitutional violations committed by the Department of Justice against plaintiff in criminal case 06-20758-cma.

Petitioner has already demonstrated in Habeas petition that the government failed to prove beyond a reasonable doubt, and presumption of innocence remains with plaintiff as well as the entire judgment being void based upon:

A.) Failure to prove beyond a reasonable doubt petitioner violated 18 U.S.C. § 2340 A(c) which effects all counts in the case, two-through eight based upon indictments language and jury instructions (regarding counts two through eight respectively).

B.) Policy Findings under DOJ-AP-2017-005286 and FOIA-2016-02166 Substantiate petitioners claim.

C.) Failure by the District Court to issue over-act instructions to the jury, negates the entire verdict as failure to accurately determine guilt according to law on count 1 undermines counts two through eight as all counts are inherently tied to count 1 determination of guilt. "Thus we have found criminal process lacking only where it "'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" Ibd. (quoting Patterson v. New York, 432 US 197, 202, 53 L Ed 2d 281, 97 S.Ct. 2319 (1977)) (See 506 US 407-8).
"a deficient reasonable-doubt instruction vitiates all the jury's factual findings. A reviewing court in such a case can only

engage in pure speculation - its view of what a reasonable jury would have "done." When it does that, the wrong entity judges the defendant guilty. Moreover, denial of the right to a jury verdict of guilt beyond a reasonable doubt, the consequences of which are necessarily unquantifiable and indeterminate, is certainly a "structural defect in the constitution of the trial mechanism, which defies analysis by 'harmless-error' standards" under Arizon v. Fulminante, 499 US 279, 113 L Ed 2d 302, 111 S.ct. 1246 (See 508 U.S. 275 Sullivan v. Louisiana)

Based upon what has been presented before the court in the habeas memorandum with exhibits "A" thru "J", petitioner undermines the indictment, critical trial event, jury instructions, and sentencing phase of the proceeding demonstrating the arbitrary imposition of J;C in criminal 06-20758-CMA. Petitioner seeks allowance by the court to make the most compelling test possible under the present habeas petition, which means pursuing all available evidence.

"The full scope of the liberty guaranteed by Due Process Clause cannot be found in or limited by the precise terms of the specific guarantees elsewhere provided in the Constitution. This "liberty" is not a series of isolated points ... It is a rational continuum which broadly speaking, includes a freedom from all substantial arbitrary impositions and pointless restraints..." Planned Parenthood of Southeastern Pa. v. Casey, 505 US 833, 848, 120 L. Ed 2d 674, 112 S.ct. 2791 (1992), quoting Poe v. Ullman, 367 US 497, 543, 6 L Ed 2d 989, 81 S.ct. 1752 (1961) (See 506 US 436 Herrera v. Collins)

The present motion before the court would complete the evidentiary mosaic regarding 18 U.S.C. § 2340 A(c) plaintiff seeks to bring before the court; aid petitioners claim, mostly importantly the courts desire to serve the ends of justice which is better served by more facts.

Courts already have DOJ policy findings concerning evidence used to prove a violation of 18 U.S.C. § 2340 A(c). The two FOIA release requests, and subpoena for specific portions of the grand jury transcripts, as well as present motion will provide plaintiff and courts the full insight as to whether or not any evidence was obtained during the pre-trial phase of the proceedings.

If these motions are granted by the court the facts available place this habeas petition review above the average evaluation and ruling under such proceeding.

This plaintiff was restrained by highly restrictive protective orders, under requirement defense counsel investigated allegations that took place four years after the last allegation, six years from the first alleged act in the grandiose conspiracy. All this done under a country in Africa that just ended a decade plus conflict among the poorest nations on the planet, who's country side where allegations took place, were still lawless, putting at risk an american investigator under prolonged conditions. Compounded by this difficulty were friends of the court briefs to help aid a prosecution by a government that is the most powerful on the planet.

The plaintiff is a lonely pro-se litigant with not many bites at the restorative justice/ fundamental defect apple. This plaintiff has made clear showing in habeas memorandum to warrant granting of motions before the court to develop the record. The litigation was started by plaintiff a pro-se litigant untrained in law, with no financial resources

The habeas petition truly represents David (plaintiff, the governed) seeking to hold Goaltih (the govenor) to account, it is in this spirit based on what the United States was founded upon, requests for additional facts have been made through a series of motions before the court to support and promote, transparency, public trust, integrity and justice in the federal proceeding.

The more facts brought to the forefront, the more all sides benefit. Newton v. Rumery, 480 U.S. 386, 397 n.8, 110 Sct 1176, 108 L.Ed 2d 293, 312 n.8 (1989) ("It is unprofessional conduct for a prosecutor to institute, or cause to be instituted, or to permit the continued pendency of criminal charges when it is known that the charges are not supported by probable cause"). It is in the governments interest to dispel such a perception and to show the public it acted with integrity during the pre-trial proceeding.

### Relif Sought

1) Petitioner grant motion for in-camera inspection of FBI documents during investigation as requested for in Ex. "A", in the present habeas proceeding; or

2.) Any other relief deemed appropriate that insures documents are made available for review by plaintiff and courts in this habeas proceeding

All done under the penalty of perjury. Done on October 14th 2018

Roy Belfast

Roy Belfast 76556-004
USP LEE
P.O. Box 305
Jonesville, VA 24263

CERTIFIED MAIL



7014 2120 0004 4705 6249

"LEGAL MAIL"
Clerk of Courts
United States District Court
for The
Western District of Virginia
210 Franklin Rd SW Suite 540