CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 30 2018
JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

United States District Court
For The
Western District Of Virginia

ROY BELFAST

7:18-cv-00453

v.

BRECKON

7017 2620 0001 0141 5001

## Plaintiff Moves To Supplement Under Rule 15-(d) Of Federal Civil Rules Of Procedure

Here comes petitioner Roy Belfast, prose located at USP Lee P.O. Box 305, Jonesville Va 24263 before the Hon. Robert S. Ballou. Moving to supplement civil action under 7:18-cv-00453 based upon issues relating back to original memorandum.

## Procedural History

Petitioner was tried and convicted under criminal case no: 1:06-cr-20758-CMA then sentenced on Jan 9th to 1,164 months convictions was upheld by Eleventh Circuit in United States v. Belfast 611 F.3d 783 (11th Cir. 2010) Cert denied 131 S. ct. 1511 (2011)

Petitioner filed a 28 U.S.C. § 2255 in civil case no. 12-20754-CIV-ALTONAGA and was denied. Coa denied after 2255. The Eleventh Circuit denies application for leave to file a Successive petition under case no. 16-13950 with district court ruling in 1:16 220501-CIV-ALTONAGA.

The District Court for Western Virginia issues civil action number after 2241 submission before the court, under 7:18-CV-00453

## STANDARD OF REVIEW

Rule 15 (d) states: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party lead to the supplemental pleading within a specified time."

# Argument

## Plaintiff Supplements Original Memorandum To Expand On Constitutional Violations Brought Before The Court

"When a habeas petitioner challenges only one of several consecutives sentences, the court may invalidate the challenged sentence, even though the prisoner remains in custody to serve others." See Peyton v. Rowe, 391 US 54, 67, 20 L.Ed 2d 456, 88 S.Ct. 1549 (1968); Walker v. Wainright, 390 US 335, 336-337, 19 L.Ed 1215, 88 s.ct. 962 (1968)

Plaintiff in count 1 / ground 1 referenced the failure by the district court to bring the "overt" act requirement before the fact finder. Plaintiff also mentions the duplicitous nature of counts 2 and 8. Plaintiff seeks to make them grounds to have respondent address them in response before there court.

Ground Five:
The Jury Reached A General Verdict Based Upon A Duplicitous Indictment Requiring Judgment Nullity In Relation To Counts Two And Eight Due To Violations Of The 5th, 14th Amd.

Supporting Facts:
Count 2 of the indictment states: "the defendant who was arrested in Miami-Dade County in the Southern District of Florida did knowingly conspire with others known and unknown to the grand jury, during and in relation to a crime of violence which is a felony prosecutable in a court of the United States, that is: violations of Title 18, United States Code, Section 2340 A (as set forth above in Count one and below in Counts three through seven of this indictment), to use and carry firearms, and in furtherance of that felony as set forth in Counts One

and three through seven of this indictment, to possess said firearms in violation of Title 18 United States Code, Section 924 (c), all in violation of title 18, United States Code, Section 924 (o)."

Count 8 of the indictment states: "the defendant did knowingly use and carry a firearm during and in relation to a crime of violence, and did possess a firearm in furtherance of a crime of violence, for which the defendant maybe prosecuted in the United States, that is, violation of Title 18, United States Code, Section 2340 A(c) as set forth in counts three through seven of this indictment; all in violation of Title 18, United States Code, Section 924 (c)(1)(A) (See Exhibit "A" and Exhibit "J" of original memorandum)

"It is settled law that "a general verdict must be set aside if the jury was instructed that it could rely on any of the two or more independent grounds, and one of those grounds is sufficient, because the verdict may have rested exclusively on insufficient ground." Zant v. Stephens 462 US 862, 881 71 L.Ed 2d 235, 103 S. ct. 2733 (1983) (See 966 F.2d 830 United States v. Taylor April 7, 1992 4th Cir Court of Appeals)

"A duplicitous count contains two or more distinct and seperate offenses in a single count. United States v. Kamalu, 298 F. Appx 251, 254 (4th Cir. 2008)." The overall vice of duplicity is that the jury cannot in a general verdict render it's findings on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." (See Solomon v. United States U.S. Dist Lexis 24190, U.S. District Court 4th Cir. Feb 14th 2018)

"reversal is required when a case is submitted to a jury on two or more alternative theories, one of which is legally inadequate, the jury returns a general verdict and it is impossible to discern the basis on which the jury actually rested its verdict; United States v. Taylor, 966 F.2d 830, 834 (4th Cir. 1992); Reuber v. Food Chem. News, Inc., 925 F.2d 703, 712 (4th Cir. 1991) (See 201 F.Supp. 3d 669 United States v. Winston September 16, 2016 4th Cir."

The Eleventh Circuit Second or Successive analysis under case 16-13950 intially filed on 7/27/2016 by Judge Martin in her dissenting opinion is worthy of reciting again before the court:

"As best I can tell, Mr Belfasts superseding indictment listed both his substantive torture counts and his conspiracy to commit torture count a possible predicate convictions for supporting his convictions under § 924(c) (and the accompanying sentencing provision, § 924(o)), which criminalizes carrying a firearm during a "crime of violence." In United States v. Schlei, 122 F.3d 944 (11th Cir. 1997), we held that "[a] count in a indictment is duplicitous if it charges two or more 'seperate and distinct' offenses." Id at 977. "Basic to criminal law principles is the concept that the commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses." United States v. Mothersill, 87 F.3d 1214, 1218 (11th Cir. 1996) (quotation omitted) If conspiracy to commit torture and the substantive offense of torture are seperate offenses, then a § 924(c) charge that relies on torture. By listing these two offenses in the same count, Mr. Belfast's indictment commits the error Schlei was concerned about.

(5)

"A duplicitous count poses three dangers: (1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." Schlei, 122 F.3d at 977. Mr. Belfasts case demonstrates the dangers that lurk. Mr. Belfast may indeed have used a gun at some point in time during the conspiracy, but never during the substantive torture offense. However, "because the jurors have two crimes to consider in a single count, they may convict [on the § 924(c) offense] without reaching a unanimous agreement on which crime Mr. Belfast "used" a firearm during." § 142 Misjoinder, Duplicity, and Multiplicity, 1 A Fed. Prac. 3 Proc. Crim § 142 (4th ed.). A general verdict "will not reveal whether the jury unanimously found the defendant guilty of either offense, both offenses, or guilty of one crime and not guilty of the other. This uncertainty could prejudice defendant in sentencing [and] appellate review." Id

"Certainly, Mr Belfast is prejudiced if he is not allowed to challenge his § 924(c) conviction by us guessing that the jury unanimously found that he used a gun during his torture crime, as opposed to his conspiracy crime. And as Mr Belfasts indictment is written, all we can do is guess. We simply cannot know on which companion conviction the jury relied."
(See Exhibit "B" and Exhibit "F" attached to memorandum)

"A general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient [207 F.Supp. 3d 677] ground. The cases in which this rule has been applied all involved general verdicts based on a record that left the reviewing court uncertain as to the actual ground on which the jury's decision rested. Zant v Stephens, 462 U.S. 254, 284, 84 S.Ct. 710, 11 L.Ed. 2d 686 (1964); See New York Times Co. v.

Sullivan, 376 U.S. 254, 284, 84 S. Ct. 710, 11 L.Ed.2d 686 (1964); United States v. Moye, 454 F.3d 390, 400 n.10 (4th Cir. 2006) (See U.S. v. Winston 207 F.Supp.3d 669; 2016 U.S. Dist. Lexis 126751) As a result petitioners rights (substantive) were abridged and modified in violation of 28 U.S.C. 2072.

Ground Six: The Jury Instruction Omitted A Essential Element From The Conspiracy Instruction In Relation To Counts 1 And 2 In Violation Of "Due Process" Which Requires A Reversal Of Conviction

Supporting facts: The jury instruction fails to instruct the jury on "overt act" requirement in relation to count One and count Two. This failure amounts to omission of a essential element required to be proven beyond a reasonable doubt that petitioner violated 18 U.S.C. § 2340 A (c) and 18 U.S.C. § 924 (o). Conspiracy as applied in Federal law demands three things in total not in parts they are the following:

1) Knowledge
2.) Agreement
3) Overt Act

"Every federal court has to consider the question since the court decided in re Winship... has agreed that a conviction procured without any jury instruction on an essential element of the offense is constitutionally invalid." Cole v. Young 817 F.2d 412 (7th Cir. 1987). See also Osborne v. Ohio 495 US 103 122-24 n.17, 109 L.Ed.2d 98, 110 S.ct. 1691 (1990) (Omission of element from jury instruction violates due process); U.S. v. Mendoza, 11 F.3d 126, 128 (9th Cir. 1993) ("When a trial judge omits an element of the offense charged from jury instructions, it deprives the jury of its facts finding duty and violates the defendants

(7)

due process rights." (See 191 F.3d 1053 ::: Keating v. Hood November 5, 1998 9th Cir Court of Appeals)

A thorough evaluation under the harmless error analysis will reveal there is no evidence on the trial record any violation of conspiracy under federal standards, which demonstrates 18 U.S.C. § 2340 A(c) and or 18 U.S.C. § 924(0) were violated. Knowledge, Agreement, Overt Act was not established on the department of justice or trial record (See Ground One under Original memorandum). In addition recent DOJ policy findings under FOIA-2016-02166 and DOJ-AP-2017-005286 substantiate the "insufficiency of trial record" in relation to counts 1 and 2 in violation of Jackson v. Virginia 61 LED 2D 560, "one man" conspiracy in violation of Morrison v. California 78 L.Ed 664, 291 US 92, as well as Amendments of the 5th, 14th, 8th, 13th sec 1., E.O. 13107 violations.

The effect of no evidence to support the harmless error test creates reversible error. The fact that the jury did not make a determination on the "overt act" in relation to conspiracy, all other factual determinations of guilt regarding counts 3 through 7 are corrupted and undermined as all counts are inherently tied to count 1.
(See Exhibit "C" Jury Instructions)
As a result of this petition was prejudiced which results in a complete nullity of judgment.



"LEGAL MAIL"

Clerk of Courts
United States District Court
for the Western District of
Virginia
210 Franklin Road SW, Suite 540
Roanoke, Va 24011

Roy Belfast 16556-024
USP LEE
P.O. Box 305
Jonesville, Va 24263