CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 17 2019

JULIA C. DUDLEY, CLERK
BY: HMcDonagel
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROY M. BELFAST, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:18cv00453 |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| WARDEN BRECKON, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner Roy M. Belfast, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his 2009 convictions arising in the Southern District of Florida.[1] Upon review of the petition, I conclude that Belfast has failed to demonstrate that he is entitled to relief under § 2241 and, therefore, I will grant respondent's motion to dismiss the petition.[2]

---

[1] Belfast is the son of the former President of Liberia, Charles Taylor. Belfast was convicted of committing acts of torture in Liberia between 1999 and 2003, during his father's presidency. See United States v. Belfast, 611 F.3d 783, 793-00 (11th Cir. 2010) (recounting Belfast's conduct as head of an Anti-Terrorism Unit in Liberia and describing how he "wielded his power in a terrifying and violent manner" and tortured numerous individuals). After a jury trial in the Southern District of Florida, the court convicted Belfast of: committing substantive crimes of torture against five named victims, in violation of 18 U.S.C. § 2340A(a); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and conspiring to use and carry a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(o). The court sentenced Belfast to ninety-seven years of incarceration. The Court of Appeals for the Eleventh Circuit affirmed his convictions and sentence, Belfast, 611 F.3d at 783, and the Supreme Court of the United States denied his petition for writ of certiorari, Belfast v. United States, 562 U.S. 1236 (2011).

[2] In his § 2241 petition, Belfast argues that the trial court applied the wrong evidentiary standard to his conviction under 18 U.S.C. § 2340A(c); no evidence supports any element of his conviction; prosecutorial misconduct led to an unconstitutional conviction; the Government failed to charge any additional individuals with the same conspiracy and left Belfast in an improper "one[-]man conspiracy"; information obtained through a Freedom of Information Act request shows a lack of evidence that Belfast violated criminal laws; because he was not "duly convicted of offenses against the United States," the Federal Bureau of Prisons ("BOP") is not properly applying 18 U.S.C. § 3624 ("Release of a prisoner"), and 18 U.S.C. § 3585 ("Calculation of a term of imprisonment"); the BOP is not properly applying 18 U.S.C. § 3621 ("Imprisonment of a convicted person") and 18 U.S.C. § 4042 ("Duties of Bureau of Prisons") because it is relying on a Presentence Report that incorrectly states Belfast was convicted of

Ordinarily, a motion pursuant to 28 U.S.C. § 2255, and not a petition pursuant to § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence, unless a motion pursuant to § 2255 is "inadequate and ineffective" for those purposes. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); see also United States v. Little, 392 F.3d 671 (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under . . . § 2241."). A motion pursuant to § 2255 is "inadequate and ineffective" to challenge a federal conviction when: (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. In re Jones, 226 F.3d at 333.

Belfast does not demonstrate that his claims meet the standard under In re Jones to proceed under § 2241. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Clearly there has been no change in the law making it now legal to torture people, use and carry a firearm during and in relation to a crime of violence, or conspire to use and carry a firearm during and in relation to a crime of violence. Therefore, Belfast fails to show that § 2255 is inadequate and ineffective to test the legality of his conviction and, thus, his claims cannot be

---

violating 18 U.S.C. § 2340A(c); and the Administrative Procedures Act imposes a duty on the BOP to release Belfast because he was improperly convicted by the trial court.

addressed under § 2241.[3] Accordingly, I will grant respondent's motion to dismiss Belfast's petition.[4]

ENTERED this 17th day of September, 2019.

    /s/ Jackson L. Kiser
    SENIOR UNITED STATES DISTRICT JUDGE

---

[3] In several filings submitted to the court after the government's motion to dismiss, Belfast argues that I should consider his claims under § 2241 based on United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Under Wheeler, § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. Wheeler, 886 F.3d at 429. However, Belfast does not rely on a retroactively applicable change in the law and has not demonstrated that his sentence presents an error sufficiently grave to be deemed a fundamental defect. Accordingly, I find that his argument lacks merit.

[4] I decline to construe Belfast's petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; Swain v. Pressley, 430 U.S. 372, 378 (1977). Second, Belfast has already filed a § 2255 motion in the Southern District of Florida. See Belfast v. United States, No. 12-20754 (S.D. Fla. Feb. 14, 2013). In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See § 2255(h). Because Belfast has not demonstrated that the United States Court of Appeals for the Eleventh Circuit has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, I conclude that transfer of a clearly successive § 2255 motion to the sentencing court does not further the interests of justice or judicial economy. Therefore, I decline to construe and transfer Belfast's petition.