IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROY M. BELFAST, | ) | |
| | ) | |
|    Petitioner, | ) | Civil Action No. 7:18cv00453 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN BRECKON, | ) | By: Hon. Michael F. Urbanski |
| | ) |     Chief United States District Judge |
|    Respondent. | ) | |

Roy M. Belfast, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Relying on 28 U.S.C. § 2255(e), In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), and United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), Belfast sought to invalidate the convictions and sentence imposed on him by the United States District Court for the Southern District of Florida in 2009. The court denied the petition, concluding that Belfast had failed to demonstrate that he was entitled to relief under § 2241. Belfast now seeks reconsideration of that Order. He has also filed a number of related motions. For the reasons stated herein, Belfast's motions will be denied.

I.

Belfast is in the custody of the Warden of United States Penitentiary ("USP") Lee. He is serving a term of 97 years' imprisonment for crimes of torture and firearms offenses.[1] Belfast filed the habeas petition pursuant to 28 U.S.C. § 2241 on September 14, 2018. Respondent subsequently filed a motion to dismiss for lack of subject matter jurisdiction, which the court

---

[1] For further information regarding the events leading to Belfast's convictions and sentence, the court refers to the Order of September 17, 2019 at 1 n.1.

granted by Order dated September 17, 2019.[2] On October 11, 2019, Belfast filed the present motion for reconsideration.

## II.

Belfast first seeks reconsideration of the Order denying his § 2241 petition under Federal Rule of Civil Procedure 59(e). Rule 59(e) allows a court to alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. "Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." Id. (internal quotation marks omitted). The purpose of a Rule 59(e) motion is not to give "an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac Ins. Co., 148 F.3d at 403.

Belfast argues that by the motion for reconsideration he seeks to correct an error of law and fact and prevent manifest injustice. In essence, however, he is simply rehashing the arguments he made in his § 2241 petition. Belfast points to no change in law since the court's original ruling. See Pac. Ins. Co., 148 F.3d at 403. Although Belfast has attached 276 pages of

---

[2] The court also denied Belfast's motion for default judgment because it lacked merit.

exhibits to the motion for reconsideration, more exhibits to his additional motion for reconsideration, and additional evidence, he has not demonstrated that this evidence was previously unavailable. See id.;[3] see also id. (noting that a party must provide "legitimate justification" for failing to present the evidence during the previous proceeding). Nor has Belfast shown a "clear error of law" in the court's original ruling or "manifest injustice" resulting therefrom. See id.

Belfast's main contention appears to be that Respondent and the court failed to address his arguments on the merits. However, Respondent's motion to dismiss, and the court's dismissal Order, were based on the Court's lack of jurisdiction over the matter. The requirements for use of the savings clause, § 2255(e), are jurisdictional. Wheeler, 886 F.3d at 423. Belfast's petition did not meet the requirements for use of the savings clause and § 2241. Accordingly, this court lacked subject-matter jurisdiction over the petition and could not adjudicate the merits of Belfast's claims. See United States v. Wilson, 699 F.3d 789, 793 (4th Cir. 2012) ("[N]o other matter can be decided without subject matter jurisdiction."); see also Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("[J]urisdictional rules . . . govern a court's adjudicatory authority") (internal quotation marks omitted); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 7284989, at *9 n.3 (D.S.C. Sept. 23, 2019) (noting that "a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits"), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019). "Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction." Swindle v. Hudgins, No. 5:19-cv-

---

[3] In fact, many of the exhibits provided are references to or quoted portions of prior court documents.

300, 2020 WL 469660, at *3 (N.D. W. Va. Jan. 29, 2020) (citing Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010)).

Based on the foregoing, the court will deny Belfast's motion for reconsideration.

### III.

Belfast has also moved for preliminary injunctive relief. He seeks his immediate release or, if the court deems immediate release inappropriate, a bond. As with motions for reconsideration, preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). The party seeking relief must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that the movant will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921 (D.C. Cir. 1958)).

This ruling on Belfast's motion for reconsideration defeats his attempt to obtain preliminary injunctive relief. He cannot demonstrate by a "clear showing" that he is likely to

succeed on the merits, Winter, 555 U.S. at 20, 22, and, as Belfast notes, a party seeking preliminary injunctive relief must satisfy all four requirements, JAK Prods., Inc. v. Bayer, 616 Fed. App'x 94, 95 (4th Cir. 2015) (per curiam) (unpublished). Therefore, the court will deny Petitioner's motion for preliminary injunctive relief.

## IV.

Belfast has filed a number of additional motions: a motion to expedite consideration of his motion for reconsideration; an additional motion for reconsideration; a motion for an evidentiary hearing; and a request for counsel should an evidentiary hearing be needed. Based on the preceding rulings, the court will deny these motions as moot.

Belfast also filed a motion for referral to the Committee on Attorney Discipline of the Virginia State Bar based on alleged misconduct by the Assistant United States Attorney. The court will deny the motion because it lacks merit.

## V.

For the reasons stated, Belfast's motion for reconsideration and motion for preliminary injunctive relief will be denied. Belfast's motion to expedite, additional motion for reconsideration, motion for an evidentiary hearing, and request for counsel will be denied as moot. Lastly, Belfast's motion for referral to the Committee on Attorney Discipline will be denied. An appropriate Order will be entered.

Entered: August 31, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.08.31 16:18:05 -04'00'

Hon. Michael F. Urbanski
Chief United States District Judge